Fuld, J.
Whether the City of New York may tax receipts from sales by a local concern to its out-of-state customers where delivery of the goods sold was made in New York, is the question for decision.
The taxpayer, the F. & M. Schaefer Brewing Company, is a domestic corporation engaged in operating a brewery in Brooklyn. It sells its beer to retailers in the metropolitan area and also to wholesale distributors in New York and in neighboring states. Each of these distributors is an independent business organization, selling Schaefer beer as well as the products of other breweries.
*426 The sales, made to the out-of-state distributors (located in New England, Pennsylvania and New Jersey), were handled exactly as were those made to customers doing business in New York. The customer’s truck would be loaded at the brewery in Brooklyn with the beer ordered and, after the load had been checked by the driver and a Schaefer employee, the truck would be “ sealed ” and driven to the distributor’s place of business.
The trucking arrangements entered into by the different distributors varied; some owned their own trucks or leased them, while others used contract motor carriers or utilized motor vehicle common carriers. Whatever the arrangement, however, the trucker taking delivery of the beer was selected by the distributor and had no connection with the brewery. No employee or representative of Schaefer handled the beer, or accompanied it, once it left the brewery and it assumed no responsibility for the beer from that time on.
On its New York City business tax return — imposed on gross “ receipts ” for “ the privilege of carrying on * * * business ” within the city (Administrative Code of City of New York, § B46-2.0, subd. a) — Schaefer reported its sales to out-of-state distributors as receipts from interstate commerce and based the tax paid solely on revenue derived from sales to those of its customers doing business in New York. The Comptroller of the City of New York, however, ruled that, since the customer took delivery in the city, the transaction was local and intrastate and the moneys received taxable. Including these receipts in computing the amount of tax due, the Comptroller assessed a deficiency for the taxable years 1948 through 1951 of over $43,000, which Schaefer paid under protest.
Following formal hearings, the Comptroller, deciding that the tax should be imposed upon all receipts, including those from sales to distributors doing business in other states, except where delivery for the out-of-state customer was made to a common carrier (Business Tax Regulations, art. 209; Rules and Regulations of New York City Agencies, 1938-1946, pp. 77-78), issued a “final determination” resulting in a refund of some $7,300. The Appellate Division unanimously confirmed that determination and the taxpayer, urging that the tax constituted ‘ ‘ a discriminatory burden on interstate commerce ’ ’ in violation of the Commerce Clause of the Federal Constitution, appeals to this court as of right.
*427 A sale of goods in which delivery is taken by the purchaser within the seller’s state is a local transaction which is taxable ; ‘ ‘ neither the Commerce Clause nor the Fourteenth Amendment”, the Supreme Court has said, “prevents the imposition of the tax on receipts from an intrastate transaction even though the total activities from which the local transaction derives may have incidental interstate attributes.” (Harvester Co. v. Department of Treasury, 322 U. S. 340, 344, 345-346; see, also, Department of Treasury v. Wood Corp., 313 U. S. 62, 67-68; Indiana Dept. of State Revenue v. Bendix Aviation Corp., 237 Ind. 98, appeal dismissed 355 U. S. 607.) And it is immaterial “ that the goods are to be transported out of [the taxing state] immediately on delivery ”, for the “ consummation of the transaction was an event within [the taxing state] which gave it authority to levy the tax on the gross receipts from the sales ” (322 U. S., at pp. 345, 348).
Department of Treasury v. Wood Corp. (313 U. S. 62) and Harvester Co. v. Department of Treasury (322 U. S. 340) are indistinguishable from the case before us. In the first, a company, incorporated in Delaware and having its principal place of business in Pennsylvania, contracted to sell a quantity of railroad ties to the Baltimore & Ohio Railroad. The ties, produced by an Indiana manufacturer, were delivered to the railroad on board its cars in Indiana for shipment out of the state. Marking as significant the facts showing the completed delivery to the railroad company in Indiana, the Supreme Court declared that that state, 11 in taxing the receipts from these local transactions”, did not exceed “its constitutional authority by taxing interstate commerce or discriminating against it” (Department of Treasury v. Wood Corp., 313 U. S., at p. 68). And in the Harvester case, “ sales by an Indiana seller of Indiana goods to an out-of-state buyer who comes to Indiana, takes delivery there and transports the goods to another State ” were held subject to the Indiana “ tax upon the receipt of gross income ” (322 U. S., at p. 345). Here, too, the taxpayer delivered the goods sold to the purchaser within the taxing jurisdiction and it was the purchaser who transported them to another state; here, also, it is the local transaction, plainly separate and distinct from the transportation which is interstate commerce, that is made the taxable event.
*428 The petitioner’s contention that the Wood and Harvester cases are not applicable because they deal with a different type of tax is without merit. In purpose and in language, the similarity between the Indiana tax there involved and the New York City tax with which we are concerned could hardly be more complete. The Indiana statute, upheld by the Supreme Court in the Wood and Harvester eases, imposes a tax upon ‘1 the gross receipts * * * received, from trades, businesses, or commerce ” (Indiana Stat. Ann. [Burns, 1951, Vol. 11, pt. 2], § 61r-2601, subd. [m]) and the New York City law, closely resembling the other, imposes a tax upon “ all receipts received * * * from * * * trade, business or commercial activity ” (Administrative Code, § B46-2.0, subd. a). That the latter measure is further described as a tax on 1 ‘ the privilege of carrying on business ” — the sole prop for the petitioner’s point — is neither meaningful nor consequential. As a matter of fact, both the Supreme Court of the United States and the Indiana Supreme Court have also denominated the Indiana tax “ a privilege tax ” (Harvester Co. v. Department of Treasury, 322 U. S. 340, 345, supra; Adams Mfg. Co. v. Storen, 304 U. S. 307, 311; Miles, v. Department of Treasury, 209 Ind. 172, 188, appeal dismissed 298 U. S. 640), a clear indication that the validity of a tax, or of the statute imposing one, depends on substance, not labels.
The argument that the present tax has been improperly treated as a “ sales tax ” rather than a “privilege tax,” is purely superficial. New York City’s power to tax the receipts received from these transactions is certainly not affected by the name ascribed to the tax. (See Harvester Co. v. Department of Treasury, 322 U. S. 340, 345-346, supra; see, also, Powell, New Light on Gross Receipts Taxes, 53 Harv. L. Rev. 909, 929-930.) “Indeed,” wrote the Supreme Court in the Harvester Co. case, “ if we are to remain concerned with the practical operation of these state taxes rather than with their descriptive labels (Nelson v. Sears, Roebuck & Co., 312 U. S. 359, 363), we must acknowledge that the [New York City] sales tax sustained in the Berwind-White case [309 U. S. 33] * was, in form, imposed upon the gross receipts from an interstate sale ’ ” and that “ ‘ local activities or privileges’ * * * are as adequate to support [the Indiana gross receipts] tax as they would be to support a sales tax ” (322 U. S., at pp. 346, 349).
*429 The order appealed from should he affirmed, with costs.
Chief Judge Conway and Judges Desmond, Dye, Froessel, Van Yoorhis and Burke concur.
Order affirmed.