In the Matter of MAPLECREST SAUSAGE Co., INC., Petitioner, v
JAMES H. TULLY, JR., as President of the New York State
Tax Commmission, Respondent.

Third Department, April 19, 1979

### APPEARANCES OF COUNSEL

*Shapiro & Rosenbaum (Sanford Robert Shapiro* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Nigel G. Wright* and *Shirley Adelson Siegel* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

█ Initially, petitioner contends that respondent was barred from assessing sales and use taxes for the taxable period March 1, 1972 through August 31, 1972 by subdivision (b) of section 1147 of the Tax Law which prohibits the assessment of additional tax after the expiration of more than three years from the date of the filing of a return. On September 4, 1975 petitioner signed an agreement extending the period of limitations to December 20, 1975, and on November 14, 1975 a "Consent to Fixing of Tax Not Previously Determined and Assessed" was signed by petitioner subject to a letter in which petitioner protested the amount of the taxes due listed in the consent form and requested a hearing. A "Notice of Determi-

nation and Demand for Payment of Sales and Use Taxes Due", dated December 18, 1975, was sent to petitioner, listing the tax due (identical to that listed in the consent form mentioned above) together with penalty and interest. In our view, these uncontroverted facts constitute substantial evidence to support the commission's finding that the assessment was timely. The bald assertion by petitioner's accountant during his opening remarks at the hearing that the December 18, 1975 notice was not received until substantially after that date is patently insufficient. Assuming that no assessment within the meaning of subdivision (b) of section 1147 of the Tax Law could have been made until the "Notice of Determination and Demand for Payment of Sales and Use Taxes Due" was given, the determinative date pursuant to subdivision (a) of section 1147 of the Tax Law is the date of mailing, not the date of receipt, and petitoner made no offer of proof on this issue.

■ Next, petitioner contends that its purchase of disposable artificial casings used in forming its products is exempt from sales and use tax pursuant to section 1115 (subd [a], par [19]) and subdivision (4) of section 1118 of the Tax Law. Petitioner concedes that with respect to the hot dogs which it manufactures, the casings are removed from the finished product and disposed of prior to their shipment for retail sale. Accordingly, the commission was amply justified in concluding that the casings did not constitute cartons, containers and wrapping and packing material *"actually transferred by the vendor to the purchaser"* (Tax Law, § 1115, subd [a], par [19]; emphasis added), or "property which is converted into or becomes a component part of a product produced for sale by the purchaser" (Tax Law, § 1118, subd [4]). These exemptions will generally be construed against a taxpayer unless it would defeat the settled purpose of the statute *(Matter of G & B Pub. Co. v Department of Taxation & Fin., Sales Tax Bur.,* 57 AD2d 18, 21), and, accordingly, we reject petitioner's argument.

■ ■ We also reject petitioner's contention that this State lacks the power to impose a sales and use tax on the lease of a truck owned by one of its employees which is used exclusively for the transportation of petitioner's products to and from its processing plant located in New York. The record establishes that the truck is used solely for petitioner's benefit and is subject to its direction and control. Furthermore, the truck travels at least 300 miles per week on New York roads and

loads and unloads at petitioner's plant in New York. Accordingly, the Tax Commission's finding that there has been a taxable event in this State must be sustained (cf. *Matter of Airlift Int. v State Tax Comm.,* 52 AD2d 688). New York's sales and use tax is not an unconstitutional burden on interstate commerce *(McGoldrick v Berwind-White Co.,* 309 US 33), and, since article 28 of the Tax Law allows reciprocal credit for taxes paid in other States, any possibility of multiple State taxation has been eliminated *(Matter of Airlift Int. v State Tax Comm., supra).*

The determination should be confirmed, and the petition dismissed, without costs.

GREENBLOTT, STALEY, JR., MIKOLL and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.