**GOLD STAR SAUSAGE COMPANY, a Colorado corporation, Plaintiff-Appellant,**

v.

**Jerry C. KEMPF, Manager of Revenue, City and County of Denver, and the Department of Revenue, City and County of Denver, Defendants-Appellees.**

No. 83CA0626.

Colorado Court of Appeals, Div. III.

March 8, 1984.

J. Lorin Yeates, Sartore, Hoyt & Graveley, William J. Graveley, Denver, for plaintiff-appellant.

Stephen H. Kaplan, City Atty., Robert F. Strenski, Asst. City Atty., Denver, for defendants-appellees.

VAN CISE, Judge.

In this C.R.C.P. 106(a)(4) proceeding, plaintiff, Gold Star Sausage Company (Gold Star), appeals the district court's affirmance of a use tax assessment by defendants, the Denver Department of Revenue and its manager (the city). We affirm.

The facts are not disputed. During the period applicable to the assessment, May 1, 1975, through March 31, 1978, Gold Star was a Denver manufacturer of meat products including weiners (hot dogs). It manufactured hot dogs by mechanically stuffing a meat emulsion into a cellulose casing approximately 110 feet in length. The stuffed tubular casings were then divided to provide hot dogs of the desired length. Next the hot dogs were cooked. The cellulose casing was stripped from the hot dog after completion of the cooking process, and the used casings were discarded. The hot dogs were then packaged and sent to retail distributors for sale.

The Illinois supplier of the cellulose casings did not collect a sales or use tax on behalf of the city, and Gold Star did not pay any sales or use tax to the city with respect to its purchases of the casings. The purchase price of the casings was treated as an expense and was included in the sale price of the hot dogs.

In 1978, the city assessed a use tax on the cellulose casings used by Gold Star during the assessment period in the amount of $11,074.46, including $626.86 in accrued interest. Gold Star protested the assessment and claimed it was entitled to exclusion or exemption. After an evidentiary hearing, the city sustained the assessment and denied the claim. On review, the district court affirmed.

The amount of the assessment is not contested. The issue is whether any tax is due.

### I.

Gold Star first contends that the casings are exempt from use tax because their purchase was a wholesale transaction and, therefore, the consumer paid the tax when the hot dogs were purchased at retail. We do not agree.

The Denver use tax article in effect on the assessment date, Denver Revised Municipal Code § 166A, imposed a use tax "for the privilege of storing, using, distributing or consuming in Denver any article of tangible personal property as herein defined, purchased or acquired at retail." Denver Revised Municipal Code § 166A.3–2(1). "Tangible personal property" is defined to mean "corporeal personal property ... which may be seen, weighted, measured, felt, or touched or is in any manner perceptible to the senses." Denver Revised Municipal Code § 166A.2–8. "Retail sale" or "purchase at retail" means "any sale, purchase, lease, rental or grant of license to use tangible personal property, except a wholesale sale or purchase." Denver Revised Municipal Code § 166A.2–14. "Wholesale sale" or "wholesale purchase" means:

> "[A] sale by wholesalers to retail merchants, jobbers, dealers, vendors or other wholesalers for resale, and does not include a sale by wholesalers to users, purchasers, or customers not for resale, and such sales shall be deemed retail sales, and subject to the provisions of this article." Denver Revised Municipal Code § 166A.2–13.

█ These definitions vary from common usage. The fact that a product was bought at wholesale does not mean it is exempt from the tax. *Herbertson v. Cruse,* 115 Colo. 274, 170 P.2d 531 (1946). If the product is used and consumed, not resold, it is subject to the tax. *Carpenter v. Carman Distributing Co.,* 111 Colo. 566, 144 P.2d 770 (1943). The fact that the expense of the casings is incorporated into the selling price of the hot dogs is irrelevant under the above definitions. *See Bedford v. Colorado Fuel & Iron Corp.,* 102 Colo. 538, 81 P.2d 752 (1938).

█ Here, the casings were not sold to Gold Star for resale. Also, they were peeled off and disposed of during the manufacturing process and prior to sale of the finished products. Gold Star used and consumed the casings and did not resell them. Therefore, the acquisition of the casings by Gold Star was a "retail purchase" as defined in the ordinance and was not exempt. *See Western Electric Co. v. Weed,* 185 Colo. 340, 524 P.2d 1369 (1974).

### II.

█ Next, Gold Star claims the court erred in not finding that the casings were exempt from taxation under Denver Revised Municipal Code § 166A.3–3(8)(1), which exempts those materials which become a component and necessary part of a finished product. Again, we disagree.

Although some evidence was presented that in the cooking process a minute amount of glycerin migrated from the casings to the meat, the casings did not in any real sense become a component part of the hot dogs. *See Luer Packing Co. v. State Board of Equalization,* 193 Cal.Rptr. 406, 101 Cal.App.2d 99, 224 P.2d 744 (1950); *American Stores Packing Co. v. Peters,* 203 Neb. 76, 277 N.W.2d 544 (1979); *Maplecrest Sausage Co. v. Tulley,* 67 A.D.2d 329, 415 N.Y.S.2d 311 (1979). The casings were merely an instrumentality or utensil of manufacturing. *Briggs & Co. v. District.of Columbia,* 90 A.D.C. 406, 196 F.2d 241 (D.C.Cir.1952). *See Western Electric Co. v. Weed, supra,* and *Bedford v. Colorado Fuel & Iron Corp., supra.*

The hearing officer for the city correctly found that "the casings are not transformed by the hot dog manufacturing process; the casings do not become a recognizable ingredient and constituent part of the finished hot dog; and the casings do not have a physical presence in the finished hot

dog." Hence, the exemption was properly denied.

### III.

Gold Star next claims that the court erred in not finding that the cellulose casings were exempt as "containers" under Denver Revised Municipal Code § 166A.3–3(8)(2). However, the ordinance requires, for this exemption, that the "container" be sold as part of the finished product. The casings were not. Instead, they were peeled off and discarded. Therefore, they were not exempt as containers under the use tax article. *See Luer Packing Co. v. State Board of Equalization, supra; Maplecrest Sausage Co. v. Tulley, supra.*

### IV.

 Gold Star's final contention of error, the district court's reception and consideration of the city's brief in arriving at its decision, is without merit.

Judgment affirmed.

STERNBERG and METZGER, JJ., concur.