■ In the Matter of SAVEMART, INC., et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to

review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under articles 28 and 29 of the Tax Law.

Petitioner Savemart, Inc., is a large-volume retailer and wholesale distributor of electronic home entertainment equipment. At the time of the sales tax audit involved herein, Savemart operated 26 retail stores in the New York City metropolitan area. It is the practice of Savemart to purchase its inventory in large quantities at a lower price. Very often Savemart purchases quantities far in excess of its own retail capacity, expecting that the surplus will be sold at wholesale. The instant controversy involves a sale of approximately 9,600 television sets by Savemart to one Sam Schwartzstein during the quarters between March 1, 1975 and February 28, 1976. The sales were made to Schwartzstein in care of Kennedy & Cohen, a large distributor of televisions in the southern United States. Thus, while the televisions were delivered to Kennedy & Cohen, they did not appear in the records of purchases of that corporation. It is apparent that at the time of the audit, employees of the Department of Taxation and Finance (department) suspected that, since the transaction did not appear on Kennedy & Cohen's records, Savemart must have falsified its records of such transaction to hide retail sales of the 9,600 televisions which would have been subject to sales tax. After the audit and the hearing before the department, it appeared that such suspicion of fraud may have been unfounded. However, respondent ultimately determined that the sale of 9,600 televisions to Schwartzstein was a retail sale subject to sales tax. Since Savemart did not collect the tax from Schwartzstein, it was assessed sales tax due in the amount of almost $232,000. Savemart commenced this CPLR article 78 proceeding seeking to set aside respondent's determination, which proceeding has been transferred to this court for disposition.

Of the several issues raised by petitioners, only two merit discussion. Petitioners argue that the record does not support respondent's conclusion that the sale was a retail transaction. We disagree. Pursuant to subdivision (a) of section 1105 of the Tax Law, a sales tax is imposed on "[t]he receipts from every retail sale of tangible personal property" except as otherwise provided by article 28 of the Tax Law. The term "retail sale" is defined as "[a] sale of tangible personal property to any person for any purpose other than * * * for resale as such" (Tax Law, § 1101, subd [b], par [4], cl [i]). Thus, in order to avoid sales tax implications on the entire transaction, petitioners would have to establish that each of the 9,600 televisions was purchased for

one and only one purpose: resale. The Legislature recognized the problem of proof and opportunity for the evasion of sales taxes in enacting subdivision (c) of section 1132 of the Tax Law: "[I]t shall be presumed that all receipts for property or services of any type mentioned in subdivisions (a) * * * of section eleven hundred five * * * are subject to tax until the contrary is established, and the burden of proving that any receipt * * * is not taxable hereunder shall be upon the person required to collect tax or the customer. Unless (1) a vendor shall have taken from the purchaser a certificate in such form as the tax commission may prescribe * * * together with such other information as said commission may require, to the effect that the property * * * was purchased for resale * * * the sale shall be deemed a taxable sale at retail * * *. The vendor shall not be required to collect tax from purchasers who furnish a certificate of resale". In the instant proceeding, petitioners did not receive a resale certificate or any other sort of relevant documentation from Schwartzstein. Thus, pursuant to the statute, the sale must be deemed a taxable sale at retail. In the face of this clear statutory presumption, petitioners simply offer the inference that one who purchases 9,600 televisions must intend to resell them. Petitioners offered no testimony or evidence to indicate what Schwartzstein intended to do or did do with the televisions. The simple inference offered by petitioners is insufficient to rebut the statutory presumption of a retail sale. This is particularly true since petitioners seek to have the sale of each of the 9,600 televisions deemed a sale for resale. Petitioners' reliance on *Matter of RAC Corp. v Gallman* (39 AD2d 57) is misplaced. In that case, the vendor offered evidence that the goods were, in fact, resold. Additionally, the vendor provided a certificate of resale, albeit not in full compliance with the statute.

Petitioners also argue that the transaction was not a taxable event since, while the televisions were delivered to a carrier in New York, they were destined for an out-of-State purchaser. We reject this argument. The evidence demonstrates that the agreement for the sale of the televisions was finalized in New York, payments were received in New York and, most importantly, Schwartzstein made arrangements with the carrier to pick up the televisions in New York. Thus, the carrier was acting as the designee of the purchaser such that the transaction took place in New York (cf. *Matter of Schaefer Brewing Co. v Gerosa,* 4 NY2d 423).

On the same issue, petitioners point out that the department appears to have an unwritten policy of not enforcing the sales tax where delivery is made within New York to a carrier

registered with the Interstate Commerce Commission. In the instant proceeding, the carrier was not so registered, and petitioners contend that the department's policy is unconstitutional. Deliveries to carriers within this State who act as designees of the purchaser are subject to sales tax regardless of whether the carrier is registered with the Interstate Commerce Commission. The fact that the commission chooses not to assess sales tax in some cases does not bar it from assessing such tax in petitioners' case (see *Matter of Seafarer Fiber Glass Yachts,* 475 F Supp 1097).

In conclusion, respondent properly determined that Savemart's transaction with Schwartzstein was subject to sales tax.

Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.