■ In the Matter of SEABOARD WORLD AIRLINES, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.— Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a use tax assessment imposed under Tax Law article 28.

Petitioner is incorporated in Delaware. Petitioner leased aircraft from Northwest Orient Airlines from September 1, 1974 through February 28, 1979 (hereinafter the audit period). Petitioner obtained and relinquished control and possession of these aircraft at the John F. Kennedy International Airport (hereinafter JFK) in New York City. Petitioner used these aircraft to transport cargo between New York City and various other cities, most of which were located in Europe.

Once the aircraft were delivered to petitioner, they remained at JFK for approximately two hours, during which time they were loaded with cargo. The aircraft would then depart JFK, spending approximately 15 hours in the air on each trip and two hours on the ground in each city. Petitioner retained possession of the aircraft for between 30 minutes and one hour upon their return to JFK. Thus, in a typical lease period of 20 hours, the aircraft were within the State for three hours. While petitioner controlled its entire fleet from California, it maintained a headquarters, an administrative office building, a cargo terminal with operations offices and a maintenance hanger at JFK.

Respondent conducted an audit of petitioner and found that petitioner was liable for $940,724.56 in sales and use taxes, plus interest, based on its rental of the aircraft during the audit period. Petitioner agreed to its liability for $475,248.48, but contested the remaining $465,476.08 assessment. The parties eventually agreed to a reduction of the remaining assessment to $364,833, an amount representing the use taxes assessed on the aforementioned leases of the aircraft. After a hearing, respondent sustained the assessments and petitioner commenced the instant CPLR article 78 proceeding.

Respondent determined that petitioner was liable for use taxes pursuant to Tax Law § 1110. This statute provides in part that: "Except to the extent that property or services have already been or will be subject to the sales tax under this article, there is hereby imposed on every person a use tax for the use within this state * * * except as otherwise exempted under this article, (A) of any tangible personal property pur-

chased at retail * * * For purposes of clause (A) of this section, the tax shall be at the rate of four percent of the consideration given or contracted to be given for such property, or for the use of such property" (Tax Law § 1110). The leasing of tangible personal property is the statutory equivalent of a purchase at retail (Tax Law § 1101 [b] [5]), and use is defined as: "The exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time, withdrawal from storage, any installation, any affixation to real or personal property, or any consumption of such property" (Tax Law § 1101 [b] [7]).

To have been subject to the use tax, a taxable event must have occurred within this State (see, *Matter of Savemart, Inc. v State Tax Commn.*, 105 AD2d 1001, 1003, *appeal dismissed* 64 NY2d 1039, *lv denied* 65 NY2d 604; *Matter of Pepsico, Inc. v Bouchard,* 102 AD2d 1000, 1001). Contrary to petitioner's assertion, substantial evidence supports respondent's determination that a taxable event took place within this State. It is uncontroverted that petitioner took delivery of and returned the aircraft within this State. Moreover, the planes were leased by petitioner for its benefit and were subject to its exclusive control during the lease period. Consequently, despite the fact that petitioner retained the aircraft within this State for a limited period of time, the in-State delivery, under the circumstances herein, constituted a taxable event in this State (see, *Matter of Atlantic Gulf & Pac. Co. v Gerosa,* 16 NY2d 1, 6-8, *appeal dismissed* 382 US 368; *Matter of Savemart, Inc. v State Tax Commn., supra; Matter of Maplecrest Sausage Co. v Tully,* 67 AD2d 329, 331-332; *Matter of Airlift Intl. v State Tax Commn.,* 52 AD2d 688, 690; *see also,* 51 NY Jur, Sales and Use Taxes, § 43, at 382-384).

We have examined petitioner's contentions in light of the tests delineated in *Complete Auto Tr. v Brady* (430 US 274) and *Japan Line v County of Los Angeles* (441 US 434) and find no constitutional infirmity (see, *Matter of International Tel. & Tel. Corp. v State Tax Commn.,* 70 AD2d 700, 701; *Matter of Maplecrest Sausage Co. v Tully, supra; cf. Container Corp. v Franchise Tax Bd.,* 463 US 159). We would only note that petitioner does not claim that it was subject to similar taxes in other jurisdictions. Even if it did so allege, the Tax Law allows for reciprocal credit for taxes paid in other States (Tax Law § 1118 [7]; *see, Matter of International Tel. & Tel. Corp. v State Tax Commn., supra),* and respondent suggests that the above statute applies equally to a situation such as this,

involving foreign jurisdictions. In any event, since both petitioner and Northwest Orient Airlines are corporations domiciled and headquartered in the United States, New York is entitled to impose the use tax on the full rental value *(see, Japan Line v County of Los Angeles*, 441 US 434, 447, n 11, 454, *supra; see also, Container Corp. v Franchise Tax Bd.*, 463 US 159, 187-197, *supra).* The determination should therefore be confirmed and the petition dismissed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.