In the Matter of BLOOMINGDALE BROTHERS, a Division of FEDERATED DEPARTMENT STORES, INC., Petitioner, v RODERICK A. CHU et al., Constituting the State Tax Commission of the Department of Taxation and Finance of the State of New York, Respondents.

Third Department, July 31, 1986

## APPEARANCES OF COUNSEL

*Proskauer Rose Goetz & Mendelsohn (Lois D. Thompson* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Wayne L. Benjamin* of counsel), for respondents.

## OPINION OF THE COURT

KANE, J. P.

The pertinent stipulated facts are as follows. Petitioner owns and operates a chain of retail department stores in the States of New York, New Jersey, Connecticut, Massachusetts and Pennsylvania. In 1976, the State Department of Taxation and Finance issued a notice of determination and demand for sales and use taxes due for the period September 1, 1971 through August 31, 1974. This assessment, as is relevant to this case, was based on the purchase of merchandise by non-New York residents (nonresidents), as gifts for New York residents, at petitioner's out-of-State stores. These gifts were shipped by those stores to the New York donees via common carrier at the request of the nonresident purchasers.

Petitioner challenged the assessment, claiming that it was not liable for sales or use taxes based upon these out-of-State sales to nonresidents. The State Tax Commission upheld the assessment as a *sales* tax and this CPLR article 78 proceeding ensued.

Applying regulations promulgated subsequent to the tax years at issue, the Tax Commission noted in its decision: "That the New York sales tax is both a 'transactions tax' and a 'destination tax' (20 NYCRR 525.2 [a] [2] and [a] [3]). Liability for the sales tax arises at the time of the transaction (20 NYCRR 525.2 [a] [2]). Moreover, '* * * the point of delivery or the point at which possession is transferred by the vendor to the purchaser or designee controls both the tax incident and the tax rate' (20 NYCRR 525.2 [a] [3]). Since the merchandise was transferred to the purchasers' designees in New York, the Audit Division properly determined that New York *sales* tax should have been collected" (emphasis supplied). Petitioner

contends that the Tax Commission's interpretation of the above-referenced regulations improperly extended the application of the State sales tax statute beyond that intended by the Legislature. In essence, petitioner asserts that the receipt of a gift by a New York resident, purchased out of State by a nonresident, does not constitute a "sale" subject to taxation under the Tax Law. We agree.

It is well established that the construction given to statutes and regulations by the agency responsible for their administration will, if not irrational or unreasonable, be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438). However, where, as here, the question is merely one of statutory reading and analysis dependent only on accurate apprehension of legislative intent, there is little reason to rely on the administrative agency's expertise *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *see also, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 597). Accordingly, an administrative agency's expertise and interpretive regulations are given much less weight *(Kurcsics v Merchants Mut. Ins. Co., supra,* p 459). Moreover, it is settled that when exercising its rule-making power, an administrative agency may not extend or enlarge, by interpretation, the meaning of the statutory language to apply to situations not intended to be covered by the statute *(Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, supra,* p 595; *see,* 51 NY Jur, Sales & Use Taxes, § 4, at 351 [1966]). The agency also cannot promulgate a rule out of harmony or inconsistent with the ordinary meaning of the statutory language *(Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, supra).* Such regulations would be contrary to the statute and void *(see,* 51 NY Jur, Sales & Use Taxes, § 71, at 399-400 [1966]). Furthermore, sales tax laws and regulations are strictly construed in favor of the taxpayer *(Matter of Petrolane Northeast Gas Serv. v State Tax Commn.,* 79 AD2d 1043, 1044, *lv denied* 53 NY2d 601). Consequently, if doubt exists as to the meaning or application of a tax law, it must be resolved in favor of the taxpayer *(Matter of American Cyanamid & Chem. Corp. v Joseph,* 308 NY 259, 263; *Matter of Higgins & McLaughlin v New York State Tax Commn.,* 109 AD2d 1029, 1031).

In light of the above, we annul the Tax Commission's determination on the ground that its interpretation of its regulations in this case improperly extended and enlarged Tax Law § 1105 (a) to apply to situations not intended to be covered by the sales tax law. Tax Law § 1105 (a) imposes a tax

on "[t]he receipts from every retail *sale* of tangible personal property" (emphasis supplied). In this regard, the statute defines sale, selling or purchase as: "Any transfer of title or possession or both * * * in any manner or by any means * * * for a *consideration,* or any agreement therefor" (Tax Law § 1101 [b] [5]; emphasis supplied). The statute itself is clear. The tax is imposed on the *sale* of the property. Here, the Tax Commission attempts to characterize the receipt of a gift as the transaction constituting a sale. However, it is submitted that an ordinary person reading this statute *(see, Howitt v Street & Smith Pub.,* 276 NY 345, 351) would conclude that the actual "sale" occurred not in New York, but in the States where the nonresidents purchased the goods. It is an improper extension of the word "sale" to conclude that a sale occurred when a person received merchandise as a gift. Such a donee exchanged no consideration for the item. Consequently, the actual transaction constituting a sale occurred when the nonresident paid for the goods in petitioner's out-of-State stores and not when the goods were received by the donees in New York *(see,* 51 NY Jur, Sales & Use Taxes, § 43, at 382 [1966]).

Although it appears that a sales or use tax can be imposed on a transaction involving a purchaser's designee, this situation usually arises where the designee is some type of commercial agent for the purchaser, i.e., a purchasing agent or a common carrier *(see, e.g., Matter of Savemart, Inc. v State Tax Commn.,* 105 AD2d 1001, 1003, *lv denied* 65 NY2d 604). Here, the New York donee is not a true agent of the nonresident. He is merely a passive beneficiary of a gift.

Moreover, even if the receipts of these gifts could be construed as constituting a "sale" for sales tax purposes, such application is not clear from the wording of the statute and the issue should be resolved in favor of the taxpayer. If the Legislature intended to reach such transactions, it should have clearly so stated. Lending support to this conclusion is the fact that the Tax Commission had never before taxed such a transaction. The failure to consider a transaction taxable for a lengthy period of time has been held to create a presumption in favor of the taxpayer *(see, New York State Cable Tel. Assn. v State Tax Commn.,* 59 AD2d 81). The Tax Commission's determination should therefore be annulled. Having reached this conclusion, we find it unnecessary to address petitioner's remaining contentions.

LEVINE, J. (dissenting). To an ordinary person, sales effected by acceptance of orders and payments for the merchandise at a nonresident vendor's out-of-State office might well be considered to have been consummated outside the jurisdiction of New York taxing authorities. Nevertheless, for more than 40 years, it has been the settled law of this State that such transactions are subject to sales tax here if they encompass ultimate physical delivery of the goods in New York, even by common carrier *(see, McGoldrick v A. H. DuGrenier, Inc.,* 309 US 70, 77), and even when delivery was F.O.B. the vendor's out-of-State factory *(Matter of United Autographic Register Co. v McGoldrick,* 285 NY 531). Imposition of the sales tax on those transactions was upheld despite doubts as to whether the particular taxing statute was intended to reach them, as embodied in dissents at all appellate levels *(see, Matter of United Autographic Register Co. v McGoldrick,* 260 App Div 157, 163 [Untermyer & Callahan, JJ., dissenting], *affd* 285 NY 531, 532 [Rippey & Lewis, JJ., dissenting]).

The reason why the rules of strict construction of tax statutes in favor of the taxpayer, applied by the majority here, have largely been ignored on the issue of whether a taxable sale occurred is that the Legislature has broadly defined "sale" for sales tax purposes with the clear intent (1) " 'to encompass most transactions involving the transfer or use of commodities in the business world' " *(Matter of Chemical Bank v Tully,* 94 AD2d 1, 3, quoting *Matter of Albany Calcium Light Co. v State Tax Commn.,* 55 AD2d 502, 504, *revd on other grounds* 44 NY2d 986), and (2) to defeat tax avoidance devices and to cover transactions essentially the same as others taxed as sales and which, therefore, should be taxed as a matter of economic justice *(supra).*

Viewed in the light of these undisputably expansive legislative purposes in defining "sale", I have no difficulty in concluding that the sales under review here are taxable. Tax Law § 1101 (b) (5) expressly imposes the sales tax on a "transfer of title or *possession* * * * for a consideration" (emphasis supplied). Certainly, the Tax Commission could reasonably infer on the basis of the stipulated facts of direct shipment from petitioner's out-of-State stores to its customers' designees in New York that those customers bought and paid for the delivery of the goods in New York as part of their transactions. Each such customer was a "purchaser" who furnished "consideration" for "transfer of * * * possession" in New York (Tax Law § 1101 [b] [5]). Thus, these transactions fall

literally within the definitions of Tax Law § 1101. Why, in view of the broadly encompassing statutory language, it should make a difference that the ultimate recipients of the transfer of physical possession in New York are donees/consignees of the purchasers, eludes me. Tax Law § 1101 (b) (5) does not expressly require that the transfer of possession in New York be made to the purchaser, and petitioner has not cited us to any statutory language or legislative history excluding a transfer of possession to a donee/consignee of the purchaser as a taxable event. We have previously upheld imposition of the sales tax on the basis of delivery to the New York designee of the purchaser *(Matter of Savemart, Inc. v State Tax Commn.,* 105 AD2d 1001, 1003, *lv denied* 65 NY2d 604). The majority's strained distinction between a designee who is "some type of commercial agent for the purchaser" and a designee who is a donee of the purchaser, is one that is impossible to enforce administratively in the normal commercial context of these transactions. As a practical matter, the majority's decision will enable purchasers of merchandise at out-of-State stores for delivery in New York to avoid the sales tax by the simple expedient of directing delivery to a designee.

Nor am I impressed with the additional reason advanced for rejecting the tax, that never before has the Tax Commission sought to levy against these kinds of transactions. There is nothing in the record or stipulated facts suggestive of any more than an administrative oversight here, let alone a previous conscious decision by New York taxing authorities not to tax these sales. In any event, if the tax here represents a change in position by the Tax Commission, a retrospective change in interpretation of the tax statute is not per se invalid *(see, Matter of American Tel. & Tel. Co. v State Tax Commn.,* 61 NY2d 393, 404). The parties' stipulation of agreed facts affords even less basis than that presented in the *American Tel. & Tel. Co.* case for barring retroactivity.

Having concluded that petitioner's statutory and procedural arguments are unavailing to upset the Tax Commission's determination, it is necessary for me to discuss petitioner's constitutional objection, which was the main thrust of its challenge to the Tax Commission's determination. I note initially that no serious objection is made by petitioner that imposition of the duty to collect the tax violates Federal due process. Concededly, petitioner's extensive merchandising operations in New York constitute amply sufficient minimum contacts with and enjoyment of governmental services of the

taxing State to impose the burden upon it to collect the tax as a matter of due process *(see, National Geographic v California Equalization Bd.,* 430 US 551, 560-561). Petitioner, however, contends that, since the nonresident purchasers exercised the right of control over the goods at the branch stores in simultaneously paying for them and directing their ultimate destination, New York is attempting to impose a tax on transactions having their nexus in another State, which, petitioner argues, is barred by the commerce clause (US Const, art I, § 8). I have concluded otherwise. Except in one respect—that physical delivery of the goods in New York was made to donee/consignees of the purchasers—the fact pattern of the transactions now under review does not significantly vary, with respect to the purchasers' control over the goods, from that of the companion cases, *McGoldrick v Felt & Tarrant Co.* and *McGoldrick v A. H. DuGrenier, Inc.* (309 US 70, *supra).* As earlier pointed out, in *DuGrenier,* the United States Supreme Court upheld as valid under the commerce clause New York City sales taxes on sales effected by acceptance of orders and payments at the vendor's out-of-State office, on the basis of delivery of the purchased articles in New York by common carrier *(supra,* at p 77). Transfer of physical possession in New York is a constitutionally permissible taxable event, regardless of technical considerations regarding the time and place of passage of title which might turn on the degree of control short of transfer of physical possession *(McGoldrick v Berwind-White Co.,* 309 US 33, 49; *see, Harvester Co. v Department of Treasury,* 322 US 340, 351-352 [Rutledge, J., concurring]).

The fact that the New York recipients of possession were persons other than the purchasers does not affect the constitutionality of the tax. Certainly, if New York had chosen statutorily to do so, a valid use tax could have been imposed here, based upon consumption of the goods in New York at the end of their interstate journey* *(see, National Geographic v California Equalization Bd., supra; General Trading Co. v Tax Commn.,* 322 US 335, 338; *Matter of Seaboard World Airlines v New York State Tax Commn.,* 118 AD2d 947). In my view, the distinction between sales taxes and use taxes drawn by the majority of a divided Supreme Court in *McLeod v Dilworth Co.* (322 US 327), principally relied upon by

---

* The State use tax is only levied on use of property within the State "by the purchaser thereof" (Tax Law § 1101 [b] [7]).

petitioner, is no longer significant for commerce clause purposes. That distinction was based upon the doctrine that the interstate flow of goods is protected by an area of free trade immunity from all forms of taxation *(supra,* at pp 330-331). However, this concept has since been specifically repudiated *(Complete Auto Tr. v Brady,* 430 US 274, 278). The *McLeod* formalistic differentiation between modes of taxation despite their identical practical effects upon commerce is also inconsistent with the prevailing line of Supreme Court cases rejecting any such reliance on the "label" under which a tax is imposed, if the actual economic incidence of the tax in some form is not constitutionally forbidden *(see, e.g., Complete Auto Tr. v Brady, supra; Harvester Co. v Department of Treasury,* 322 US 340, 346, *supra; Nelson v Sears, Roebuck & Co.,* 312 US 359, 363; *McGoldrick v Berwind-White Co.,* 309 US 33, 54, 58, *supra).*

Petitioner has not pointed to any obstructive or discriminatory purpose or effect upon interstate commerce in the imposition of the duty to collect the tax here involved. Moreover, under current commerce clause analysis of sales and use taxes, no direct nexus need be shown between the taxed transaction and the seller's activity within the taxing State *(National Geographic v California Equalization Bd., supra,* p 560). Purely and simply, the State has validly asserted its taxing "authority over the fruits of a transaction consummated within its borders" *(Harvester Co. v Department of Treasury, supra,* p 345). The transactions entered into between petitioner and its customers included delivery of the purchased articles in New York. The purchasers upon whom the tax was levied bargained for and received the right to designate the point of delivery of possession in this State. That this right arose at petitioner's stores in other States is only significant insofar as it might have occasioned the imposition of a sales tax in those States, as well as it did upon transfer of actual possession in New York. The case law is clear, however, that without proof of actual double taxation, the possibility of multistate sales or use taxation of a single transaction does not violate the commerce clause *(Harvester Co. v Department of Treasury, supra,* p 348; *Matter of Atlantic Gulf & Pacific Co. v Gerosa,* 16 NY2d 1, *appeal dismissed* 382 US 368 [and cases cited therein at pp 6-7]). Having availed themselves of the privilege of buying goods for delivery in New York, the purchasers are validly subject to the State sales tax.

The cases of *Miller Bros. Co. v Maryland* (347 US 340) and

*American Oil Co. v Neill* (380 US 451), also relied upon by petitioner on the constitutionality issue, are inapposite. The duty to collect the use tax in *Miller Bros. Co.* and the direct tax upon the dealer in *American Oil Co.* were invalidated on due process grounds because of the insufficiency of minimum contacts between the taxing States and the sellers, an issue which, as I have already noted, is nonexistent in the instant case. Moreover, imposition of the duty to collect the use tax in *Miller Bros. Co.* had the further defect, not present here, that the "seller obviously could not know whether the goods sold over the counter in Delaware were transported to Maryland prior to their use" *(National Geographic v California Equalization Bd., supra,* p 559).

For all the foregoing reasons, I would confirm the Tax Commission's determination that sales taxes were due, and dismiss the petition.

CASEY and MIKOLL, JJ., concur with KANE, J. P.; LEVINE, J., dissents and votes to confirm in an opinion.

Determination annulled, with costs, petition granted and matter remitted to respondents for further proceedings not inconsistent herewith.