In the Matter of Cove Hollow Farm, Inc., Appellant, v State of New York Tax Commission, Respondent.

Third Department, March 23, 1989

## APPEARANCES OF COUNSEL

*Winthrop, Stimson, Putnam & Roberts (Dan S. Dunham* and *Christopher P. Barton* of counsel), for appellant.

*Robert Abrams, Attorney-General (Francis V. Dow* and *Wayne L. Benjamin* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

In 1979 petitioner acquired a 118-acre unimproved parcel of land in Suffolk County, which had been subdivided into 42 lots for one-family residences pursuant to a plan filed and recorded in the Suffolk County Clerk's office. Some 27 of the 42 plots had been sold prior to the effective date of the State's real property transfer gains tax (Tax Law art 31-B, as added by L 1983, ch 15, § 181, eff Mar. 28, 1983). Thereafter, at various times from 1983 through 1985, petitioner sold seven additional lots in five separate transfers to four unrelated purchasers. The consideration for each of those conveyances was less than $1 million. Thus, each transfer individually would have been entitled to a statutory exemption from the tax (Tax Law § 1443 [1]). However, the Department of Taxation and Finance aggregated the sales and assessed petitioner for its gains on that basis. Respondent upheld the assessment. Petitioner then brought this CPLR article 78 proceeding to challenge the determination on statutory and constitutional grounds, and now appeals from Supreme Court's dismissal of its petition.

■ There should be an affirmance. Petitioner's statutory argument centers on the language of Tax Law § 1440 (7) which authorizes aggregation of individual conveyances. That section, as it read when the sales herein were made, defined "transfer of real property" for the imposition of the tax, in pertinent part, as "the transfer or transfers of any interest in real property by any method" and expressly included "partial or successive transfers * * * pursuant to an agreement or plan to effectuate by partial or successive transfers a transfer which would otherwise be included in the coverage of this article" (Tax Law § 1440 [7]). Petitioner concedes that a plan existed here for "partial or successive transfers" of the entire parcel it purchased. It argues, however, that aggregation cannot be imposed unless the successive transfers are "otherwise * * * included in the coverage of this article", i.e., otherwise taxable (Tax Law § 1440 [7]). Petitioner suggests that, given the apparent purpose of the clause in question to prevent avoidance of the tax by breaking up a single transfer worth at least $1 million into smaller transactions, the "otherwise" must refer to proof either of a tax evasion motive for division of the transfer into multiple conveyances or of an intent to include all of the multiple conveyances in a single transaction. Since the parties stipulated here that the trans-

fers were bona fide, arms' length individual transactions, petitioner urges that the statutory conditions permitting aggregation were not met and that the sales were exempt. At the least, petitioner argues, the language of Tax Law § 1440 (7) is ambiguous, and the lack of clarity requires resolution in favor of the taxpayer (citing, *e.g.*, *Matter of Bloomingdale Bros. v Chu,* 119 AD2d 41, 43, *affd* 70 NY2d 218).

We disagree. First, the Legislature clearly did not intend that aggregation under Tax Law § 1440 (7) is to be triggered only if the transferor engages in partial or successive transfers for purposes of tax avoidance, since respondent is otherwise statutorily authorized to ignore such devices *(see,* Tax Law § 1448 [1]). Moreover, the language of Tax Law § 1440 (7) (as amended by L 1983, ch 150), "partial or successive transfers pursuant to an agreement or plan to effectuate * * * a transfer * * * otherwise [taxable]", is broader than an agreement or a plan to accomplish what is in reality a single sale, as petitioner would interpret it. Had the Legislature intended to limit aggregation of partial or successive transfers solely to those which are actually single transfers, it could have easily done so. Proof of a scheme to sell multiple parcels in a single transaction only serves to establish the existence of an agreement or plan required for purposes of aggregation; it is not a separate requirement *(see, Matter of Bombart v Tax Commn.,* 132 AD2d 745, 747, 748). Furthermore, petitioner's construction of the statutory clause, to the effect that only those partially successive transfers intended to be part of a single transaction are subject to aggregation, would render superfluous the specific exemption from aggregation in Tax Law § 1440 (7) for "the subdividing of real property and the sale of such subdivided parcels improved with residences to transferees for use as their residences". Obviously, if Tax Law § 1440 (7) generally requires proof of an intent to effectuate a single sale through multiple transfers in order to aggregate, the sales of separate parcels improved with residences to individual transferees for their respective use as such would be immune from aggregation without the special statutory exemption.

We think respondent's contrary interpretation of the aggregation clause in Tax Law § 1440 (7) to impose the tax herein was a reasonable one. The apparent legislative purpose of the aggregation provision was the common one of using broadly inclusive language to defeat tax avoidance schemes and to cover transactions taxed essentially the same as others

and which should, therefore, be taxed as a matter of economic justice *(see, Matter of Chemical Bank v Tully,* 94 AD2d 1, 3). Therefore, aggregation applies when the seller has adopted an agreement or plan for the disposal of an entire parcel of property, which would have been subject to the real property transfer gains tax, *but for* the structuring of the disposal of the property into partial or successive transfers. The two types of transactions are equivalent in end result. Since concededly petitioner's partial and successive sales were pursuant to a plan to effectuate thereby the disposal of the entire parcel petitioner purchased, which would have been subject to the real property transfer gains tax as a single disposition, aggregation was proper. Subjecting petitioner's sales to the tax through aggregation on the foregoing basis is consistent with the regulations (20 NYCRR 590.43 [a], [g]), which incorporate earlier (1983) administrative rules adopted by the Department of Taxation and Finance *(see, Matter of Bombart v Tax Commn., supra,* at 748; *see also, Matter of Sanjaylyn Co. v State Tax Commn.,* 141 AD2d 916, 918-919, *appeal dismissed* 72 NY2d 950).

■ Even if we were to accept petitioner's contention that the aggregation provision in Tax Law § 1440 (7) is, at the least, ambiguous, this would not change the result. The individual sales petitioner made would each be subject to the tax under Tax Law § 1441, except for the exemption accorded sales for consideration of less than $1 million *(see,* Tax Law § 1443 [1]). Thus, the underlying issue here is petitioner's entitlement to that exemption. "[O]nce it is determined that a transaction is subject to * * * a tax, a party claiming exemption therefrom must clearly demonstrate its entitlement thereto" *(Matter of Sanjaylyn Co. v State Tax Commn., supra,* at 919). Ambiguity is, therefore, insufficient to relieve petitioner of the tax.

■ We are also unpersuaded by petitioner's constitutional objection that Tax Law § 1440 (7) violates equal protection in aggregating sales of unimproved subdivided lots while exempting from aggregation sales of such parcels improved with residences to transferees for use as their residences. A classification in a taxing statute enjoys the strongest presumption of constitutionality, overcome only by the clearest demonstration that it discriminates invidiously, and the burden is on the one challenging the distinction in treatment to negate every conceivable basis which might support it *(Trump v Chu,* 65 NY2d 20, 25, *appeal dismissed* 474 US 915). Petitioner has not met

that burden. Among other reasonable bases for drawing a distinction between parcels in unimproved realty subdivisions and similar parcels improved with residences for their use as such by the transferees, the Legislature could rationally have decided that the tax was to be aimed primarily at the gains of real estate investors and not the profits of the home-building industry. Administrative convenience would, therefore, support excluding altogether from aggregation the sales of individual subdivided parcels improved with residences for their use as such by transferees (see, *Trump v Chu, supra,* at 27).

MAHONEY, P. J., WEISS, MERCURE and HARVEY, JJ., concur.

Judgment affirmed, with costs.