**STEAMBOAT SPRINGS RENTAL & LEASING, INC., d/b/a Advantage Rent–A–Car, Plaintiff–Appellee,**

v.

**CITY AND COUNTY OF DENVER; Cheryl Cohen, Manager of Revenue; and Department of Revenue, City and County of Denver, Defendants–Appellants.**

No. 99CA0831.

Colorado Court of Appeals,
Div. II.

June 8, 2000.

As Modified on Denial of Rehearing
July 27, 2000.

Certiorari Denied Dec. 18, 2000.

Kuhlman & Kuhlman, P.C., Kenton H. Kuhlman, Englewood, Colorado, Larry D. Harvey, P.C., Larry D. Harvey, Englewood, Colorado, for Plaintiff–Appellee.

J. Wallace Wortham, Jr., City Attorney, Robert F. Strenski, Assistant City Attorney, Denver, Colorado, for Defendants–Appellants.

Gibson, Dunn & Crutcher, LLP, Gregory J. Kerwin, Jeffrey E. Oraker, Denver, Colorado, Amicus Curiae for Avis Rent A Car System, Inc.

Brownstein, Hyatt & Farber, P.C., Terence C. Gill, Denver, Colorado, Amicus Curiae for Hertz Corporation.

Opinion by Judge TAUBMAN.

In this action for judicial review of an administrative agency decision pursuant to C.R.C.P. 106(a)(4), defendants appeal the district court's Order reversing, in part, a decision of defendant, Cheryl Cohen, Manager of Revenue, of the Department of Revenue, City and County of Denver. The defendants are the City and County of Denver (Denver), Cohen, and the Department of Revenue of the City and County of Denver (defendants).

Cohen's decision affirmed a Denver sales tax assessment against plaintiff, Steamboat Springs Rental & Leasing, Inc., d/b/a Advantage Rent–A–Car (Advantage). We affirm.

Following an audit of Advantage's taxes, Denver issued Advantage an assessment for sales taxes it asserts Advantage improperly failed to collect. According to Denver, these sales taxes should have been collected from customers between August 1, 1993, and July 31, 1996, for the loss of use of vehicles during repairs, and for payments made by customers to Advantage based on the estimated cost of vehicle repairs. Cohen affirmed this assessment, and Advantage appealed that decision to the district court.

The district court reversed Cohen's decision with respect to the assessment for amounts paid for vehicle repairs. The court concluded that because the cost of repairs could not be determined at the time the rental contract was signed, and the estimated cost of repairs was separately stated at a later date, such repair costs were not subject to sales tax. However, the court affirmed the assessment of taxes for the loss of use of vehicles while they were being repaired.

■ Defendants contend the trial court erred in concluding that the cost of vehicle repairs is exempted from sales tax. Specifically, defendants argue that the payments made by customers for vehicle repairs are taxable because they are part of the payments for tangible personal property –the rented vehicles. To the contrary, Advantage argues that repair costs are for intangible personal property because the customers are not entitled to the use or extended possession of the vehicles as a result of paying for repairs. We agree with Advantage. Accordingly, we agree with the district court that the consideration paid for vehicle repairs is exempt from sales tax, but for different reasons.

■ An appellate court may affirm a correct judgment based on reasoning different from that relied on by the trial court. *Barham v. Scalia,* 928 P.2d 1381 (Colo.App. 1996).

■ An appellate court may set aside an administrative agency decision if the agency erroneously interpreted the law. *Ohlson v. Weil,* 953 P.2d 939 (Colo.App.1997).

■ The same rules of construction apply in the interpretation of ordinances and statutes. *United Airlines, Inc. v. City and County of Denver,* 975 P.2d 1139 (Colo.App. 1998) (*cert. granted* Apr. 19, 1999). When interpreting an ordinance, a reviewing court must look initially to the ordinance language for guidance. If the language is plain and unambiguous, the court must give effect to the commonly accepted meaning of the words of the ordinance. *Regional Transportation District v. Voss,* 890 P.2d 663 (Colo.1995).

■ When interpreting an ordinance, there is a presumption that the municipal governing body intended a just and reasonable result. *See AviComm, Inc. v. Colorado Public Utilities Commission,* 955 P.2d 1023 (Colo.1998).

Denver Revised Municipal Code § 53–25 provides:

> There is levied and there shall be collected and paid a tax in the amount stated in this article, as follows: (1) on the purchase price paid or charged upon all sales and purchases of tangible personal property at retail.

This provision also applies to vehicle rentals. Denver Revised Municipal Code § 53–24(19). Pursuant to Denver Revised Municipal Code § 53–33, the tax is collected from customers by the car rental company, and is then paid to Denver. If the tax is not collected from customers, the car rental company is still liable for payment. Denver Revised Municipal Code § 53–28(a).

Tangible personal property is "corporeal personal property." Denver Revised Municipal Code § 53–24(21). This means property that "may be seen, weighted, measured, felt or touched or is in any manner perceptible to the senses." *See Gold Star Sausage Co. v. Kempf,* 679 P.2d 1116, 1118 (Colo.App.1984).

Purchase price is defined as "the aggregate value measured in currency paid or delivered or promised to be paid or delivered in consummation of a sale." Denver Revised Municipal Code § 53–24(16). Relying on this language, defendants argue that damage repair costs are amounts "promised to be paid," and thus are subject to the sales tax. We disagree.

Here, the payment of an amount for damages is a separate transaction from the rental transaction. Advantage customers, at the time of the rental, have the option of either purchasing a Loss Damage Waiver, or agreeing to pay for damages caused while they are in possession of the vehicle. If damage is caused to the car while the customer is in possession, Advantage sends the customer a letter stating the amount of damages and requesting payment of such amount.

At the time the vehicle is rented, the payment for use of the vehicle is calculated and agreed upon by Advantage and the customer. At that point, the customer has purchased the right to use the vehicle and the "sale" of the rental service is consummated. The rental contract also creates other rights and obligations in the event the vehicle is damaged. This contingent damages provision is separate from the agreed payment for the rental of the vehicle.

It is undisputed that customers who pay for vehicle repairs do not have an additional right to the use or extended possession of the vehicle in exchange for that payment.

Defendants' argument is premised on its assertion that the payments for vehicle repairs are merely part of the rental payment for the vehicle. Following defendants' logic, if a person rented a car for one day for $40, and during possession was involved in an accident resulting in $2,000 worth of damages, his or her taxable rental payment would be $2,040. On the other hand, if a person rents an identical vehicle for one day for $40 and does not damage it, his or her taxable rental payment is only $40. This leads to an unreasonable result because the latter person would pay a substantially lower rental payment for an identical car for the same amount of time than would the person who paid $2,040.

Based on the plain meaning of "tangible personal property," we conclude that customers do not receive any tangible property in

exchange for the payment of damages. Moreover, the payments are more akin to damages reimbursements or indemnification, rather than rental payments.

Accordingly, we conclude that Cohen incorrectly interpreted the law and that these payments are not subject to sales tax under Denver Revised Municipal Code § 53–25. Our conclusion is supported by Colorado Department of Revenue, Revenue Bulletin No. 92–14, which states, "[d]amage reimbursements are exempt [from Colorado sales tax] since they are not considered part of the rental transaction."

Based on this disposition, we do not address the district court's rationale relying on Denver Revised Municipal Code § 53–24(16)(a), which exempts from sales tax separately stated labor charges. In addition, we do not address whether the district court erred in affirming the assessment of a tax on the loss of use because Advantage did not cross-appeal on that issue. *See* C.A.R. 3. Furthermore, because defendants stated in their reply brief that they are not pursuing collection of the specific ownership tax that was also assessed against Advantage, that tax is no longer an issue.

Order affirmed.

Judge PLANK and Judge NIETO concur.