In the Matter of JOHN McG. DALENZ, Petitioner, against STATE TAX COMMISSION, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission which denied petitioner's application for refund of personal income taxes paid for the years 1951 and 1952. Petitioner, a resident of Connecticut, was employed as a securities salesman and paid a salary and commissions for services rendered his employer both within and without the State of New York. Petitioner contends (1) that since all orders upon which he received commissions were executed at his employer's New Jersey office, no part of his commissions constituted " gross income from sources within the state " (Tax Law, § 359, subd. 3)

so as to be subject to tax; and (2) that the commission erred in holding that he had not established that Saturdays or part of his vacation time spent in reading and paper work at his residence in Connecticut constituted working days on which he was employed without the State, for purposes of allocation of his salary income on a time spent basis. In urging his first contention, petitioner asserts that the only proper method of allocating his commission income is to be found in article 451 of the commission's Personal Income Tax Regulations, in part providing: "The gross income from commissions earned by a nonresident traveling salesman, agent or other employee for services performed or sales made whose compensation depends directly on the volume of business transacted by him, includes that proportion of the compensation received which the volume of business transacted by such employee within the State of New York bears to the total volume of business transacted by him within and without the State." The commission, while finding petitioner to be a "securities salesman", found also that the gross income received by him from his employer "did not depend *directly* on the volume of business *transacted by the taxpayer* within the meaning of article 451" (emphasis supplied) and consequently, instead of the "volume of business" formula, imposed the test applicable under article 452 to nonresident employees generally, i.e., of days worked in New York against days worked within and without New York. The finding above quoted is based on petitioner's testimony which requires but brief mention. Petitioner's assigned territories were very large and populous areas in 12 States, the District of Columbia and Europe, in which territories he supervised salesmen and assistants employed by his employer. He called on investment bankers, dealers and brokers for the purpose of building up interest in his employer's securities, in the hope of future orders. He did not personally solicit or accept orders. As respected new customers at least, he said that he would "establish the first contact in order to advise my regional man whether he should pursue it further". Significantly enough, petitioner's commissions were received in varying percentages upon all sales made by his employer within petitioner's territories. In our view, the finding that petitioner's commissions did not, in the language of the regulation, depend "directly" on the volume of business "transacted by him" was based on substantial evidence. We disapprove, also, petitioner's contention that the commission erred in declining to accept his computation of his working days within and without the State when there was no evidence in contradiction. The determination cannot be held arbitrary since petitioner's credibility was for the commission, which was not bound to accept his testimony that he spent "most Sundays", "almost every Saturday" and one half of his annual vacation performing paper work at his home in Connecticut, while "being generous perhaps with the State of New York" in that "many" of his days spent in New York and allocated to business here were in reality for "resting purposes". While it is doubtless true that petitioner had no reason to anticipate that the question of working days would become an issue at the hearing, he does not now suggest that any additional evidence exists for presentation in the event of remittal. As respondent's brief seems to concede, the controversy may well have arisen because of confusion engendered by contradictory statements of the commission in its correspondence with petitioner and for that reason we do not award costs. Determination unanimously confirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.