■ In the Matter of BAYARD C. GARDINEER, JR., Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which held petitioner liable for a penalty under subdivision (g) of section 685 of the Tax Law. After a notice and demand was issued against the Sigmatech Corporation (Sigmatech) on March 4, 1980, and after a hearing, the State Tax Commission determined that petitioner, vice-president of Sigmatech until July 17, 1968, was personally liable for unpaid withholding taxes in the sum of $3,751.40 for the period January 1, 1968 to June 30, 1968. The facts are as follows: Sigmatech was formed in 1966 with corporate offices in Carmel, New York. On September 16, 1968, Sigmatech contracted with Guenther Systems (Guenther) to sell all of its issued stock, 5,500 shares, for the sum of $40,000. The effective date of the agreement was July 26, 1968, but Sigmatech was to continue to operate the company to the closing date, September 16, 1968. The contract provided that taxes were to be accrued as of June 30, 1968, and, further, that Sigmatech was to indemnify Guenther for any loss "resulting from or arising out of taxes, levied, imposed, or assessed" in excess of those set forth in the financial statements dated June 30, 1968. The withholding taxes at issue here were "in excess" of those set forth in the above-identified financial statements. Subdivision (g) of section 685 of the Tax Law provides that any person required to collect and pay over income taxes who "willfully" fails to do so shall be liable for a penalty equal to the amount of the tax. With respect to the issue of willfulness, the test is whether the act, default or conduct is consciously and voluntarily done with knowledge that, as a result, trust funds belonging to the State will not be paid over but will be used for other purposes *(Matter of Levin v Gallman,* 42 NY2d 32). No showing of intent is necessary. Here, it is clear that petitioner was

responsible for employee income tax deductions, yet he never created a separate trust account into which the tax deductions could be paid after issuance of paychecks. Not to set aside tax deductions when made and, further, to use such money for other corporate purposes is a conscious and deliberate act within the meaning of the tax laws that characterizes petitioner's conduct as "willful". Next, the resignation of petitioner as an officer of Sigmatech does not absolve him from responsibility for his corporate acts. A corporate officer responsible as a fiduciary for tax revenues cannot absolve himself merely by disregarding his duty and leaving it to someone else to discharge (*Hornsby v Internal Revenue Serv.*, 588 F2d 952, 953). Lastly, since neither Sigmatech nor petitioner filed a tax return covering the period at issue, the argument that the State is estopped or time barred from commencing this proceeding is without merit (cf. *Matter of Turner Constr. Co. v State Tax Comm.*, 57 AD2d 201). In addition, this argument was not made before the Tax Commission and, accordingly, was not preserved for review (*Matter of Servomation Corp. v State Tax Comm.*, 60 AD2d 374, 377). Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.