■ In the Matter of STANLEY J. BACHMAN, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to annul that portion of respondent's determination which sustained the imposition of penalties against petitioner under section 685 of the Tax Law. Petitioner Stanley Bachman was an equal partner with his brother in Bachman Wholesale, a Rochester, New York, based concern engaged in the purchase and resale of surplus material and equipment. In 1968, he became a resident of Washington, D. C., where the partnership opened an office. Though he continued to receive his annual distributive share from the partnership, he failed to file a New York State nonresident return for the years 1969-1975. On March 28, 1977, the Department of Taxation and Finance issued a notice of deficiency with a statement of audit charges to petitioner as well as to Bachman Wholesale. Petitioner filed for a redetermination and after a hearing Bachman's petition was denied and penalties pursuant to paragraph (1) of subdivision (a) (reasonable cause) and subdivision (b) (negligence) of section 685 of the Tax Law were assessed. Petitioner concedes now that he was required to file a nonresident New York State return and challenges only that portion of the determination which sustains the imposition of the civil penalties of section 685 of the Tax Law contending that they are inoperable because he had reasonable cause for not filing the return and paying the tax. We disagree. The judicial function in reviewing determinations of the State Tax Commission is limited and if there are any facts or reasonable inferences from the facts to sustain it, the court must confirm the Tax Commission's determination. Thus, a determination of the Tax Commission will not be disturbed by the courts unless shown to be erroneous, arbitrary or capricious (*Matter of Liberman v Gallman*, 41 NY2d 774; *Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, 195-196; *Matter of McCauley v State Tax Comm.*, 67 AD2d 51). It is equally well settled that the burden of overcoming a tax assessment rests with the taxpayer (*Matter of Liberman v Gallman, supra,* p 777). Petitioner offers as his only excuse for not filing the return and paying the tax the naked assertion that the partnership's Washington accountant advised him that it was not necessary. It is significant, indeed, that he would direct this inquiry to the Washington accountant rather than to the partnership's New York accountant who would reasonably be presumed to be more knowledgeable and more conversant with the New York Tax Law. Significant, too, and also surprising, is the fact that the Washington accountant did not appear or testify nor submit an affidavit or statement of any kind to verify his alleged advice and the basis for it. Petitioner's credibility is for the Tax Commission and it may reject petitioner's uncorroborated claims concerning a witness who was not produced even when "there [is] no evidence in contradiction" (*Matter of Dalenz v State Tax Comm.*, 9 AD2d 599, 600). The commission is not bound to accept petitioner's testimony (cf. *Matter of Donato v Wyman*, 32 AD2d 1061). Also to be considered in evaluating petitioner's assertion is the complexity, or lack thereof, of the statute which spawned the inquiry. There is

---

* Upon satisfactorily establishing that it did maintain a place of business in Washington, D. C., where it regularly conducted business, Bachman Wholesale's allocation of income was approved and the deficiency canceled.

nothing ambiguous, misleading or mysterious about the relevant law. Specific provisions for nonresidents with New York partnership income are clearly spelled out as demonstrated by the fact that petitioner does not challenge his underlying tax liability. Petitioner's position, if recognized, would provide every taxpayer similarly situated who filed late or not at all with an unassailable defense and completely nullify the deterrents enacted to eliminate such conduct. Contrary to petitioner's view, this holding is in complete harmony with Federal cases and the "prudent man rule" (see *Boeving v United States*, 650 F2d 493; *Fleming v United States*, 648 F2d 1122; *Co-operative Grain & Supply Co. v Commissioner of Internal Revenue*, 407 F2d 1158; *Coates v Commissioner of Internal Revenue*, 234 F2d 459). Unquestionably, reasonable cause shown will avoid the payment of penalties. The commission's determination is supported by, *inter alia*, the facts that petitioner's accountant failed to appear in any fashion, the law is clear, petitioner allegedly sought advice from the one least likely to know, and he knew he should have and did file a partnership return in 1968. In sum, his bare assertion is arrayed against strong probabilities and the rule of reason, and he failed to shoulder his burden. In determining the question of whether there was reasonable cause, a function particularly within its province, the commission did not err nor was its determination arbitrary or capricious and it must be confirmed. Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Weiss, JJ., concur.