■ In the Matter of OSHER CHECHIK, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which, *inter alia,* sustained an unincorporated business income tax assessment imposed pursuant to article 23 of the Tax Law for the years 1973 and 1974. ¶ During the years in question, 1973, 1974 and 1975, petitioner was a partner in a New York City stockbrokerage firm. He also earned income for performing other brokerage services. On April 12, 1978, the State Department of Taxation and Finance (department) issued a notice of deficiency against petitioner indicating additional personal and unincorporated business income taxes due of $6,425, along with interest and penalties of $4,490.45. The taxes due consisted of personal income taxes for the years 1974 and 1975 and unincorporated business income taxes for the years 1973 and 1974. The personal income tax deficiency amounted to $430.18. The unincorporated business income taxes initially amounted to $5,994.82, but were later reduced to $5,732.83 after a conference. On review by respondent, the tax deficiencies and one penalty were sustained, but another penalty in the amount of $2,592.77 was remitted. Petitioner commenced this CPLR article 78 proceeding to review respondent's determination. Petitioner does not challenge the personal income tax deficiency or the one remaining penalty, but does dispute the unincorporated business income tax deficiency. The proceeding was transferred to this court for disposition. ¶ Initially, petitioner contends that the burden of proof as to the unincorporated business income tax was on the department. The burden of proof in any case before respondent is generally on the taxpayer (Tax Law, § 689, subd [e]). One exception is where the issue concerns the liability of the taxpayer for an increase in the deficiency where such increase is asserted for the first time after the notice of deficiency was mailed and a petition for review to the State Tax Commission was filed (Tax Law, § 689, subd [e], par [3]). Here, the statement of audit changes, upon which the notice of deficiency was based, stated, "Your business income from your activities as a stockbroker for 1973 and 1974 is subject to * * * unincorporated business tax." The department's answer before respondent stated that petitioner's business income was earned, not in connection with his stockbrokerage activities, but in providing other

brokerage services. In our view, this change in language did not change the theory or amount of the deficiency. The statement in the answer is simply a more accurate description of the theory relied upon by the department. Thus, the burden of proof remained with petitioner. ¶ Petitioner also challenges respondent's conclusion that he had income subject to unincorporated business income tax. A determination of the Tax Commission will not be disturbed unless shown to be erroneous, arbitrary or capricious (*Matter of Liberman v Gallman,* 41 NY2d 774, 777). If there are any facts or reasonable inferences from facts to support the Tax Commission's determination, it must be confirmed (*Matter of Levin v Gallman,* 42 NY2d 32, 34). For purposes of the unincorporated business income tax, "[a]n unincorporated business means any trade, business or occupation conducted, engaged in or being liquidated by an individual or unincorporated entity", with certain exceptions not applicable here (former Tax Law, § 703, subd [a]).* Regulations of the department provide that the term unincorporated business includes, "without limitation, all phases of such activities as * * * brokerage services of all types and any other activity which involves the leasing of or trading or dealing in real or personal property or the performing of services of any kind" (20 NYCRR 203.1 [a]). ¶ In the instant case, petitioner engaged in a number of brokerage transactions during the years in question from which he received a substantial portion of his income. The amounts so received were listed on his Federal income tax return as business income, and from those amounts he deducted business expenses. In our view, these facts support respondent's conclusion that petitioner's brokerage services constituted an unincorporated business. ¶ Finally, petitioner urges that, even if respondent properly found that he operated an unincorporated business, two particular items should not have been included as unincorporated business income. Petitioner received $400 from one individual in connection with that individual's purchase of a home. Petitioner testified before respondent that the payment was a gift and not a commission. However, this amount was received in connection with petitioner's performance of a brokerage service. Furthermore, petitioner did include this amount as business income on his Federal income tax return. Thus, respondent was not required to accept petitioner's characterization of the payment as a gift (see *Matter of Bachman v State Tax Comm.,* 89 AD2d 679). ¶ Petitioner also received $1,817 from another individual for petitioner's intervention in a purchase of certain foreign notes. Petitioner contends that this was not his commission, but that of another broker. He testified that the check was made payable to him and that he then delivered his own check in the same amount payable to the other broker. This contention is belied by the fact that petitioner included the $1,817 on his Federal income tax return as income. The record reveals no proof that this amount was not then deducted as a business expense. Accordingly, respondent did not err in including this amount as unincorporated business income. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* Article 23 of the Tax Law dealing with the Unincorporated Business Income Tax was repealed effective December 31, 1982 (L 1978, ch 69, § 7). The taxes involved herein are still due.