■ In the Matter of SARATOGA HARNESS RACING, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to, *inter alia,* review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner challenges respondent's determination which concluded that sales of a publication containing petitioner's official harness racing program were not exempt from sales tax under the newspaper exemption provided for in Tax Law § 1115 (a) (5). By regulation, respondent has set forth certain criteria that must be met in order for a publication to be considered a newspaper within the meaning of the statutory exemption (20 NYCRR 528.6 [b]). Among those criteria is the requirement that the publication "be published in printed or written form at stated short intervals, usually daily or weekly" (20 NYCRR 528.6 [b] [1] [i]). Respondent concluded that petitioner's publication did not meet this criterion since it is published only on those days that the harness track is in operation. Thus, petitioner's publication is published six days each week from the end of April through November, on weekends during January, February and March, and not at all during December and most of April. We find nothing irrational or unreasonable in respondent's determination that this publication schedule does not meet the stated short-interval requirement. The taxpayer bears the burden of establishing a right to the tax exemption *(Dental Socy. v New York State Tax Commn.,* 110 AD2d 988, 989), which must be strictly and narrowly construed against the taxpayer *(Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 196). In light of these principles, respondent's determination, which involves the interpretation and application of a statute and regulation administered by respondent, *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459), should not be disturbed.

Petitioner's challenge based upon the 1st Amendment must also be rejected, for "[t]he State may subject newspapers to generally applicable economic regulations without infringing on any constitutional protections" *(Matter of Twin Coast Newspapers v State Tax Commn.,* 101 AD2d 977, 978, *appeal dismissed* 64 NY2d 874). We conclude that the stated short-interval requirement is both an objective and content-neutral criterion, which does not infringe on petitioner's 1st Amendment rights. Nor do we find any merit in petitioner's claim that the stated short-interval requirement is impermissibly vague.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.