OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed with
 
 *893
 
 costs, and the petition seeking to require respondent to reissue notices of deficiency dismissed.
 

 Tax Law § 681 (a) provides, in pertinent part, that a notice of deficiency "shall be mailed by certified or registered mail to the taxpayer at his last known address”. In this case, notwithstanding the minor error in petitioner’s address, respondent determined that there was actual receipt in sufficient time to file a petition for redetermination of the deficiencies. This determination may not be disturbed where reasonable inferences from the facts sustain it
 
 (Matter of Liberman v Gallman,
 
 41 NY2d 774).
 

 Tax Law § 681 was enacted to bring New York in conformity with the comparable Federal provision (26 USC § 6212 [a], [b]; 1962 McKinney’s Session Laws of NY, Memorandum of State Department of Taxation and Finance, at 3536-3537, Executive Memoranda, at 3681-3682). The Federal cases hold that actual notice within the statutory period establishes compliance with the notice requirement
 
 (see, Pugsley v Commissioner of Internal Revenue,
 
 749 F2d 691;
 
 Goolsby v Tomlinson,
 
 246 F Supp 674). Therefore, by analogy, where, as here, the respondent Commissioner of Taxation and Finance offers evidentiary proof of both mailing and actual receipt, the notices of tax deficiency are valid despite an error in a taxpayer’s mailing address.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur; Judge Kaye taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and petition dismissed in a memorandum.