■ In the Matter of OLD NUT COMPANY, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a real estate tax gains assessment imposed under Tax Law article 31-B.

Petitioner was the owner of real estate in New York City through a wholly owned subsidiary. In July 1983, the subsidiary was merged with petitioner and on or about September 16, 1983, the property was transferred to Carriage House Foods, Inc. (Carriage House). Concededly, the transaction was subject to a State real estate gains tax (Tax Law art 31-A) of some $198,000 for such a transfer taking place after the March 28, 1983 effective date of the enactment of the tax, unless the exemption provided in Tax Law § 1443 (6) applies. In pertinent part, that section exempts a transfer occurring after the effective date of the tax which is "pursuant to a written contract entered into on or before the effective date of this article, provided that the date of execution of such contract is confirmed by independent evidence, such as recording of the contract, payment of a deposit or other facts and circumstances as determined by the tax commission".

Petitioner duly challenged the assessment of the tax on the ground that a fully executed contract for the sale of the property was entered into not later than March 28, 1983 and, hence, the transfer was tax exempt under Tax Law § 1443 (6). At the administrative hearing, the evidence presented consisted of the testimony of petitioner's president, its attorney who handled the transaction and the president of Carriage House. In substance, they described a sequence of events wherein petitioner's president signed the agreement on March 27, 1983 at a restaurant in New York City in the presence of the attorney. The next day, March 28, the agreement was delivered to the law office of the attorneys for Carriage House where it was signed that day by the purchaser's president. The following day, the fully executed contract was returned to petitioner's attorney. Also submitted was a Diner's Club International credit card receipt for the luncheon bill at the restaurant where petitioner's president signed the contract. Respondent ruled that the foregoing evidence did not constitute the "independent evidence" confirming the date of execution of the contract on March 28, 1983 as required under Tax Law § 1443 (6) for entitlement to the exemption. Petitioner then brought this CPLR article 78 proceeding to challenge that determination.

The determination by respondent should be upheld. Petitioner argues essentially that any evidence "independent" of the recital in the contract itself of its date of execution is sufficient confirmation under the language of the exemption. Although the statutory provision may be read as petitioner interprets it, it may with at least equal rationality be con-

strued, as did respondent, to require objectively verifiable corroboration of the date of execution, independent of the testimony of the parties to the transaction who are obviously interested as to the incidence of the tax, or of persons under their control. Respondent could rationally conclude that, in requiring independent evidence "such as recording of the contract, payment of a deposit", the Legislature intended that only similar facts and circumstances, rather than merely the self-serving version of the facts by the parties, was necessary to confirm a bona fide date of execution on or before the effective date of the statute *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 239 *[noscitur a sociis* and *ejusdem generis]).*

Since it is undisputable that a real estate gains tax is due on this transfer unless the transaction is exempt under Tax Law § 1443 (6), petitioner has the burden of showing a clear entitlement under a provision of law plainly giving the exemption *(Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 196). As the previous discussion demonstrates, it is by no means clear from the statutory language that *any* evidence beyond the date of execution stated in the contract was intended to be sufficient independent confirmation for the exemption to apply. The Legislature, in requiring evidence such as recordation, the giving of a deposit "or other facts and circumstances as determined by the tax commission", obviously delegated to respondent wide discretion to determine the quality of confirmatory proof necessary to establish entitlement to the exemption. Respondent's interpretation herein is not irrational and, therefore, must be given deference *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438). It follows from the foregoing that respondent could properly reject the testimony of petitioner's president, the buyer's president and petitioner's attorney as furnishing the necessary confirmation of the date of execution of the contract. The same holds true for the restaurant receipt, since it totally lacked probative value without the foregoing testimony.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.