■ In the Matter of SUNSHINE DEVELOPERS, INC., et al., Petitioners, v TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which partially sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner Sunshine Developers, Inc., was incorporated in Delaware in 1977 for the purpose of buying boats and chartering them to businesses for entertaining clients. Sunshine's place of business is in Fort Lee, New Jersey. Petitioner Joe Morris is the president of Sunshine. This proceeding concerns the purchase by Sunshine of two boats, a 33-foot "Egg Harbor" in 1977 and a 42-foot "Post Sport Fisherman" in 1978. The boats were purchased from sellers located in New York, but the boats were delivered outside this State. No sales tax was paid on either purchase. The boats were rented to other corporations as part of Sunshine's business. Both boats were docked primarily outside New York, but stopped and docked occasionally in New York. The boats were ultimately sold.

In October 1982, the Audit Division of the State Department of Taxation and Finance determined that sales and use tax was due on the purchase or use of the boats in New York and issued a notice of deficiency in the amount of $10,804 plus penalty and interest of $8,131. After a hearing, it was determined by respondent that, since the boats were delivered outside New York, the sales were not subject to sales tax. Further, since the "Egg Harbor" boat was brought to this State on a sporadic basis, it was not sufficiently used in this State to trigger the use tax. However, it was determined that the "Post Sport Fisherman" was moored in New York on a seasonal basis. Accordingly, since the boat was used in this State, it was determined that use tax was due in connection therewith. Petitioners commenced this CPLR article 78 proceeding challenging so much of respondent's determination as upheld the use tax assessment on the Post boat. The proceeding has been transferred to this court for disposition.

The use tax statute provides: "Except to the extent that property or services have already been or will be subject to the sales tax under this article, there is hereby imposed on every person a use tax for the use within this state * * * except as otherwise exempted under this article, (A) of any tangible personal property purchased at retail" (Tax Law § 1110). The Tax Law defines "use" as: "The exercise of any right or power over tangible personal property by the purchaser thereof and includes, but is not limited to, the receiving, storage or any keeping or retention for any length of time, withdrawal from storage, any installation, any affixation to real or personal property, or any consumption of such property" (Tax Law § 1101 [b] [7]). The statute goes on to provide an exemption for the use of property by a nonresident of this State, but provides that any person engaged in carry-

ing on any employment, trade, business or profession in New York shall not be deemed a nonresident for purposes of this exemption (Tax Law § 1118 [2]). Thus, the issue in this case is twofold: first, whether petitioners "used" the Post boat in New York so as to be subject to use tax and, second, whether petitioners carried on a business in New York, thus failing to qualify for the nonresident exemption. While respondent properly notes that the burden is on petitioners to prove entitlement to the exemption (see, *Matter of Saratoga Harness Racing v New York State Tax Commn.*, 119 AD2d 919), the burden of proving that the use was subject to tax is on the Department (see, *Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 196).

Morris admitted that both boats had occasionally been moored in New York but testified that such stops were temporary while the boats were on their way to other locations. Petitioners offered no documentary evidence to demonstrate where the boats were moored. The Department produced an application for membership in the Deep Sea Yacht and Racquet Club, located in Montauk Point, Suffolk County, completed by Morris. On such application, Morris indicated that he had a 50-foot boat named "Sunshine". Evidence indicates that the Post boat was named "Sunshine". Based on this evidence, respondent concluded that the "temporary mooring of the [Egg Harbor] boat at a New York marina while on route to a location outside New York State did not create a 'use' within New York State as defined in section 1101 (b) (7) of the Tax Law". However, respondent concluded that the Post boat was seasonally moored in this State such as to constitute a use.

The evidence in the record regarding the two boats was identical except for the yacht club membership application. Respondent had the authority to assess the credibility of witnesses and to draw inferences from the evidence (see, *Matter of Finserv Computer Corp. v Tully*, 94 AD2d 197, *affd* 61 NY2d 947; *Matter of Bachman v State Tax Commn.*, 89 AD2d 679). Thus, it was free to infer that Morris would not have applied for yacht club membership, stating that he had a 50-foot boat named Sunshine, unless he was seasonally mooring such boat in New York. Further, respondent was free to conclude that the presence of the boat in this State for even a short period of time constituted a use (see, *Matter of Seaboard World Airlines v New York State Tax Commn.*, 118 AD2d 947).

Next, petitioner admits that it is in the business of chartering boats to businesses. Also, as discussed above, respondent

properly found that the Post boat was seasonally moored, and therefore used, in New York. These facts support respondent's further conclusion that petitioners were engaged in carrying on a business in this State and, thus, not entitled to the exemption for nonresidents.

In conclusion, the determination under review must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.