OPINION OF THE COURT
F. Warren Travers, J.
Petitioners have commenced this CPLR article 78 proceeding seeking a determination that a decision denying a tax *28 refund was erroneous as a matter of law, arbitrary and capricious, and an abuse of discretion.
Petitioners are public Netherlands corporations which . jointly own a New York corporation. The New York corporation was a general partner in a partnership that acquired title to real property located at 342 Madison Avenue, New York City. The stock of the New York corporation was sold in 1984, and a gains tax on a real property transfer of $3,907,426.80 pursuant to article 31-B of the Tax Law was paid under protest.
Petitioners claim that the tax imposed by article 31-B does not apply to the sale of stock in this transaction; that the transfer was exempt pursuant to the provisions of section 1443 (6) of the Tax Law and that the law as applied in this case is unconstitutional.
Petitioners assert that the gains tax law does not apply to the sale of stock of a corporation that owns an interest in a partnership which owns real property. The claim is that it is one step removed from the definition of transfer of real property in section 1440 (7) of the Tax Law.
The acquisition of a controlling interest in any entity with an interest in real property is, by statute, a transaction subject to the gains tax. The Commissioner, by regulation 20 NYCRR 590.51, has determined that a tiered entity transfer is a transaction subject to tax. The Legislature by section 1448 of the Tax Law granted to the Commission the power to make rules and regulations for the administration and enforcement of the gains tax. The regulation as promulgated is within the scope of authority granted to the Tax Commission for the enforcement of article 31-B. The gains tax does apply to, this transaction. Any other result would create the likelihood that all future transactions would be structured in a two-step manner in order to avoid the gains tax, thereby defeating the purpose of the law in generating tax revenue.
Petitioners claim that the transaction is not subject to tax by reason of the "grandfather” clause contained in section 1443 (6). Petitioners claim that the transaction is exempt because the transfer was made pursuant to a written contract entered into before the effective date of article 31-B. Clearly, the stipulated facts establish that the parties intended to transfer the stock in the New York corporation. The question is, was there a "written contract” prior to the effective date of the transaction within the meaning of section 1443 (6) of the Tax Law.
*29 There is no doubt that there is a written contract the day following the effective date of the law. Petitioners assert that all of the correspondence, resolutions and other documents taken together amount to a "written contract” within the meaning of the Statute of Frauds, thus making it an enforceable contract. The court is not here called upon to determine whether there is compliance with the Statute of Frauds. The court must determine if there has been compliance with the requirements of section 1443 (6) of the Tax Law.
A statute which levies a tax is to be construed most strongly against the government and in favor of the citizen. The government takes nothing except what is given by the clear import of the words used. The principle is applicable only in determining whether a transaction is subject to tax. Where the transaction is subject to tax but the taxpayer claims an exemption from taxation, a different rule applies. An exemption from taxation "must clearly appear, and the party claiming it must be able to point to some provision of law plainly giving the exemption” (People ex rel. Sav. Bank v Coleman, 135 NY 231, 234; see, Matter of Young v Bragalini, 3 NY2d 602). If a statute or regulation authorizing an exemption is found, it will be "construed against the taxpayer”, although the interpretation should not be so narrow and literal as to defeat its settled purpose (see, Engle v Talarico, 33 NY2d 237). This is because an exemption is not a matter of right, but is allowed only as a matter of legislative grace (cf., e.g., Colgate v Harvey, 296 US 404, 435; see generally, Matter of Grace v New York State Tax Commn., 37 NY2d 193).
Where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the court’s function is limited (Board v Hearst Publs., 322 US 111, 131). In such matters, the court may not substitute its judgment in place of the judgment of the administrative agency where reasonable minds may differ as to the probative force of the evidence (Matter of Kopec v Buffalo Brake Beam — Acme Steel & Malleable Iron Works, 304 NY 65, 71). " '[T]he policy of the law is to construe statutes exempting property from taxation somewhat rigidly, and not to permit such exemption to be established by doubtful implication’ ” (People ex rel. Mizpah Lodge No. 518 v Burke, 228 NY 245, 247-248).
In the case now before the court, the Tax Commission concluded upon stipulated facts that there was no "written *30 contract” executed on or before March 28, 1983, the effective date of article 31-B. The Tax Commission further concluded that the resolutions of the boards of directors of all three petitioners authorizing the sale of stock did not constitute contracts with the purchaser. The Tax Commission concluded that there was no "written contract” (including an option) executed before the effective date of article 31-B. Respondent’s interpretation herein is not irrational and, therefore, must be given deference (see, Matter of Howard v Wyman, 28 NY2d 434, 438; Matter of Old Nut Co. v New York State Tax Commn., 126 AD2d 869, 871 [3d Dept]). Guided by these principles, the court cannot overrule the determination of the Tax Commission. (See generally, Matter of Young v Bragalini, 3 NY2d 602, supra.)
Petitioners assert that the application of the Tax Law in this case is unconstitutional. A challenge to the constitutionality of article 31-B was dismissed in Trump v Chu (65 NY2d 20, appeal dismissed 474 US 915). The basis for the challenge in Trump v Chu (supra) was a violation of the Equal Protection Clause. In this case, the challenge is a violation of the Due Process and the Commerce Clauses of the US Constitution. The facts establish that stock in a New York corporation was sold to another New York corporation, and the actual transfer occurred in New York State. There is substantial nexus with New York State to permit the application of the tax without discriminating against interstate commerce. The Court of Appeals in Boston Stock Exch. v State Tax Commn. (37 NY2d 535) denied a similar challenge to a stock transfer tax.
Having in mind the presumption of constitutionality which attaches to every statute (Madden v Kentucky, 309 US 83) and the prior decisions of the Court of Appeals, this court finds that article 31-B of the Tax Law is constitutional.
The petition for an order directing the Tax Commission to refund taxes paid under protest is denied, and the petition is dismissed, all without costs.