■ In the Matter of ANTHONY MARENO, Petitioner, v STATE OF NEW YORK TAX COMMISSION, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner previously operated a gas station which was the subject of a sales tax audit in 1982. On June 18, 1982, the Department of Taxation and Finance sent petitioner, by certified mail, a notice of determination and demand for payment of sales and use taxes due in the amount of $61,295.18, including interest and penalties. The document was returned as undeliverable, with a notation that the addressee had moved. On June 21, 1982, the Department remailed the notice of determination, by certified mail, to petitioner's residence at 209 Princeton Avenue, Staten Island, New York. The returned postal receipt included petitioner's signature and recorded June 21, 1982 as the date of delivery. The June 21, 1982 notice informed petitioner that the determination could be challenged by filing a petition for a hearing within 90 days (Tax Law § 1138 [a] [1]; § 1147 [a] [1]). By petition dated November 16, 1984, petitioner requested a hearing to review the subject determination. A hearing was held as to the timeliness of the petition, with the focus on whether petitioner actually received the June 21, 1982 notice. Petitioner denied receipt, claiming the signature on the return credit card was not his as evidenced by the inclusion of a "y" instead of an "o" at the end of his surname. Petitioner further asserted that it was physically impossible for the postal service to have delivered the notice the same day it was mailed, i.e., June 21, 1982. Respondent found the petition untimely and sustained the notice of determination. Petitioner com-

menced this CPLR article 78 proceeding to challenge respondent's ruling, which has since been transferred to this court for review.

We confirm. Tax Law § 1138 (a) (1) provides that a notice of determination "shall finally and irrevocably fix the tax" unless a petition for redetermination is filed within 90 days of receipt of the notice *(see, Matter of Halperin v Chu,* 138 AD2d 915). The mailing of a notice of determination of sales tax liability gives rise to a rebuttable presumption of receipt (Tax Law § 1147 [a] [1]; *Matter of Ruggerite, Inc. v State Tax Commn.,* 64 NY2d 688). In our view, respondent could readily rely on the certified postal receipt as confirmation that petitioner received the notice of determination on June 21, 1982 *(cf., Matter of Ruggerite, Inc. v State Tax Commn., supra,* at 690). Petitioner's challenge to the authenticity of the signature simply raised a credibility issue for respondent to resolve *(see, Matter of Sunshine Developers v Tax Commn.,* 132 AD2d 752, 754, *lv denied* 70 NY2d 609). Respondent could further assess whether delivery of the notice on the day mailed was, as petitioner claims, a physical impossibility. In sum, respondent's determination that petitioner received the June 21, 1982 notice may reasonably be inferred from the facts and, thus, must be confirmed *(see, Matter of Agosto v Tax Commn.,* 68 NY2d 891, 893).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.