■ In the Matter of the ESTATE OF LAWRENCE LEVER, Appellant, v NEW YORK STATE TAX COMMISSION, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered November 10, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent sustaining a real estate transfer gains tax imposed under Tax Law article 31-B.

On March 24, 1983, petitioner entered into a written agreement with VMS Realty, Inc. concerning the sale of three five-story office buildings in Nassau County for a purchase price of $33,500,000. VMS Realty put a "good-faith" deposit or $50,000 into escrow pursuant to the terms of the agreement. The agreement stated that the parties intended to negotiate a contract by March 31, 1983 for the sale of certain property and that if such contract was not executed by that date, the deposit would be returned to VMS Realty and the parties would not be bound to each other. On March 31, 1983, the parties signed a letter extending the deadline for the execution of the contract to April 8, 1983. On April 7, 1983, petitioner and VMS Realty executed a document entitled "ADDENDUM TO AGREEMENT DATED MARCH 24, 1983". In July 1983, VMS Realty assigned its rights under the addendum to PRM-Garden City Associates and VKM&S-Garden City Associates. In August 1983, petitioner conveyed title to the subject property to PRM-Garden and VKM&S-Garden.

Tax Law § 1441 imposes a tax on gains derived from the transfer of real property in the State. Tax Law § 1443 (6) exempts from the tax transfers "occurring after the effective date of this article [if made] pursuant to a written contract entered into on or before the effective date of this article". Petitioner paid real property transfer gains tax, under protest, in the amount of $2,023,051.49. Thereafter, petitioner filed a claim for a refund of the amount paid, alleging that the contract of sale was entered into on March 24, 1983, prior to

the March 28, 1983 effective date of the real property transfer gains tax (L 1983, ch 15, § 184).

The Department of Taxation and Finance denied the claim. Soon thereafter, petitioner filed a petition with respondent challenging the Department's denial of its claim for a refund and arguing that the March 24, 1983 agreement was a fully binding contract. The Department denied the petition, holding that the agreement dated March 24, 1983 was not a contract for the sale of real property but an agreement to enter into such a contract. Petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination. Supreme Court dismissed the petition and this appeal by petitioner ensued.

The determination as to whether a contract is binding is based upon the objective intent of the parties as gathered from their expressed words and deeds *(Wright v Ford Motor Co.,* 111 AD2d 810, 811). Herein, the letter agreement dated March 24, 1983 states: "This constitutes our agreement * * *. Contract to be executed prior to April 1, 1983. * * * This letter is intended to set forth the intention of the parties to negotiate in good faith a Contract of Sale * * * and you agree that you will not offer the Property for sale to any other party prior to April 1, 1983 * * *. *However, if for any reason such Contract is not executed and delivered on or before March 31, 1983, then this letter shall be of no further force or effect and neither party hereto shall have any further liability to the other"* (emphasis supplied). Clearly, the letter agreement reveals no present intent to form a binding contract. Rather, it indicates the parties' intent to continue negotiations with a possible ultimate meeting of minds deferred until some future time. The letter agreement lacks the finality of assent necessary for a binding contract *(see, Brause v Goldman,* 10 AD2d 328, 332, *affd* 9 NY2d 620).

The fact that the formally executed April 7, 1983 document was entitled "ADDENDUM TO AGREEMENT DATED MARCH 24, 1983" does not change the clear import of the letter agreement dated March 24, 1983 to put off final agreement until the future and, thus, does not render the date of the letter agreement the date of the contract. Therefore, we conclude that respondent correctly determined that the agreement was not a binding contract as the parties did not intend to be bound. This is especially true in light of the fact that provisions authorizing tax exemptions are to be strictly construed against the taxpayer who must clearly demonstrate his entitlement thereto *(Matter of Old Nut Co. v New York State Tax*

*Commn.,* 126 AD2d 869, 871, *lv denied* 69 NY2d 609; *Matter of Saratoga Harness Racing v New York State Tax Commn.,* 119 AD2d 919, *lv denied* 68 NY2d 610).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.