■ In the Matter of ROBERT LANDAU, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [625 NYS2d 343] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The Department of Taxation and Finance conducted a sales and use tax audit of Robert Landau Associates, Ltd. (hereinafter RLA) for the period December 1, 1980 through May 31, 1984. Because of RLA's undisputed failure to adequately comply with the Department's requests for various records, the Department elected to perform a test audit for a one-month representative period, thereafter reduced by agreement to a review of RLA's larger sales for the period April 4, 1983 through April 11, 1983. The Department found total sales of $503,350.35 for the test period, of which $87,417.60 or 17.38% thereof was determined to be taxable. Applied to RLA's gross billings for the audit period, that taxable ratio yielded a total tax liability of well over $1 million, which was assessed against, *inter alia,* petitioner, RLA's president and chief executive officer, as a person required to collect tax (*see,* Tax Law § 1131 [1]). Except for minor adjustments, the assessment was sustained following administrative review and appeal to respondent Tax Appeals Tribunal.

Initially, we reject the contention that there was not an adequate basis for imposing personal liability against petitioner. Tax Law § 1133 (a) imposes personal liability upon "every person required to collect any tax imposed by [Tax Law article 28]", defined in Tax Law § 1131 (1) to encompass "any officer, director or employee of a corporation * * * under a duty to act for such corporation * * * in complying with any requirement of [Tax Law article 28]" and including one "who is responsible for the corporation's management" (20 NYCRR 526.11 [b] [2]). Although not every corporate officer will be found responsible for the collection of sales tax, here the evidence showed that in his undisputed capacity as president, chief executive officer and sole stockholder of RLA, petitioner received an annual salary of $600,000, had the authority to

and did hire and fire employees, had the authority to write checks and was responsible for the daily management of the corporation, thereby providing ample evidentiary support for the factual finding that petitioner was personally liable for payment of the tax *(see,* 20 NYCRR 526.11 [b] [2]; *Matter of Cohen v State Tax Commn.,* 128 AD2d 1022; *Matter of Blodnick v New York State Tax Commn.,* 124 AD2d 437, *appeal dismissed* 69 NY2d 822; *Matter of Capoccia v New York State Tax Commn.,* 105 AD2d 528).

We are not persuaded that the liability imposed by Tax Law § 1133 (a) may be evaded by simply delegating responsibility to a subordinate *(see, Matter of Rosenblatt v New York State Tax Commn.,* 114 AD2d 127, 130, *revd on other grounds* 68 NY2d 775; *Matter of Ragonesi v New York State Tax Commn.,* 88 AD2d 707; *Matter of Gardineer v State Tax Commn.,* 78 AD2d 928, 929). We are also unpersuaded that liability may not be imposed upon a corporate officer for compensating use taxes, which are required to be paid but not "collected". Because compensating use taxes are "imposed" under Tax Law article 28 (specifically, Tax Law § 1110), responsibility for their payment is encompassed within the duty of a corporate officer to act for the corporation "in complying with any requirement of [Tax Law article 28]" (Tax Law § 1131 [1]).

As a final matter, we conclude that the Tax Appeals Tribunal did not err in its rejection of petitioner's unsupported assertion that monthly payments from Burger King Corporation and Miller Brewing Corporation were for nontaxable consulting services *(see, Matter of Bachman v State Tax Commn.,* 89 AD2d 679; *Matter of Dalenz v State Tax Commn.,* 9 AD2d 599). Petitioner's remaining contentions have been considered and found to lack merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.