■ In the Matter of ROEBLING LIQUORS, INC., et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [728 NYS2d 509] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, *inter alia,* sustained an assessment of sales and use tax imposed under Tax Law articles 28 and 29.

As part of an investigation of suspected underreporting of sales tax by retail liquor distributors, the Revenue Opportunity Division of the Department of Taxation and Finance (hereinafter Department), sent letters to various wholesalers of alcoholic beverages located throughout the State requesting, *inter alia,* their retail customer sales records for various tax years. As a result of information received through the investigation, the Department conducted an audit of the sales tax records of

petitioner Roebling Liquors, Inc., a retail liquor establishment located in Brooklyn, for the period of September 1, 1990 to May 31, 1993. The Department issued separate notices of determination in December 1993 to Roebling and its president, petitioner Sidney Cooper, assessing additional sales tax together with interest and penalties. Roebling and Cooper sought review of the assessments.[1]

Following a conciliation hearing, the conferee approved reduced tax assessments. Petitioners did not consent to the proposed resolution and, on May 12, 1995, separate conciliation orders were issued, assessing petitioners with delinquent taxes along with penalties and interest. An Administrative Law Judge (hereinafter ALJ) confirmed the conciliation conferee's decision with some modifications, giving petitioners credit for certain inventory, purchase discounts from wholesalers and pilferage. Respondent Tax Appeals Tribunal (hereinafter the Tribunal) rejected the majority of petitioners' exceptions and upheld the basic decision of the ALJ.[2] Petitioners thereafter commenced this CPLR article 78 proceeding seeking to challenge the Tribunal's determination.

Initially, we are unpersuaded by petitioners' contention that the Department's use of the third-party wholesalers' data amounted to an unreasonable search and seizure in violation of the Federal and State Constitutions. It is well settled that a party does not have standing to challenge an alleged unconstitutional search and seizure which is suffered by a third party (*see, United States v Payner*, 447 US 727, 731). Moreover, the constitutional provisions cited by petitioners protect individuals only where a legitimate expectation of privacy is at stake (*see, People v Quackenbush*, 88 NY2d 534, 541) and, clearly, petitioners had no legitimate expectation of privacy in the particular documents herein that were maintained by third par-

---

1. Prior to the commencement of the administrative hearing, petitioners commenced a CPLR article 78 proceeding challenging, *inter alia*, the Department's practice of compelling wholesale liquor distributors to disclose retail sales information. This proceeding was dismissed by Supreme Court as untimely commenced and this Court affirmed (*Matter of Roebling Liqs. v Urbach*, 245 AD2d 829, *appeal dismissed and lv denied* 91 NY2d 948).

2. The Tribunal disagreed with the ALJ's decision that it did not have jurisdiction to consider Roebling's petition because Roebling allegedly did not timely reply to the separate notice of determination sent in December 1993. The Tribunal agreed with the ALJ's conclusion that Roebling received the notice, however, since both Roebling and Cooper were considered to have timely protested the notices and both participated in the conciliation conference and were issued separate conciliation orders, the Tribunal deemed jurisdiction to be present.

ties with whom they had business dealings.[3] In fact, the wholesalers themselves would have a limited expectation of privacy in their business records (*see, Matter of Glenwood TV v Ratner*, 103 AD2d 322, 328, *affd* 65 NY2d 642, *appeal dismissed and cert denied* 474 US 916; *see also, People v Quackenbush*, *supra*, at 541-542). Significantly, each liquor wholesaler is required to keep records of every sale in the form required by respondent Commissioner of Taxation and Finance (*see*, Tax Law § 1135 [a] [1]). In addition, each liquor wholesaler must make such records available for inspection and examination at any time on demand by the Department (*see*, Tax Law § 1135 [g]). Therefore, petitioners' claim that the Department exceeded its statutory authority in gathering the third-party data is without merit.

We are similarly unpersuaded by the remaining arguments set forth on behalf of petitioners in Cooper's *pro se* brief. First of all, we do not agree that the notice of determination against Roebling should be cancelled due to the Department's failure to serve the determination properly. We do not find error in the holding that the notice was presumptively received by Roebling. Significantly, "[t]he mailing of a notice of determination of sales tax liability gives rise to a rebuttable presumption of receipt" (*Matter of Mareno v State of New York Tax Commn.*, 144 AD2d 114, 115; *see*, Tax Law § 1147 [a] [1]) and, upon this record, petitioners did not sufficiently rebut that presumption (*see, Matter of T. J. Gulf v New York State Tax Commn.*, 124 AD2d 314, 316).

Next, petitioners argue that the conciliation orders issued to them were not timely. They must be served within 30 days after the proceeding is concluded (*see*, Tax Law § 170 [3-a] [e]). A proceeding is concluded when, among other things, the party requesting the conciliation fails to agree to the proposed resolution within 15 days of its issuance (*see*, 20 NYCRR 4000.5 [c] [3] [iii]). Here, a proposed resolution was issued on March 31, 1995. Petitioners did not consent and, thus, the proceeding was concluded as of April 15, 1995 (*see, id.*). Since the conciliation orders were issued to petitioners on May 12, 1995, the 30-day requirement was not violated.

Furthermore, it is alleged that the Department was not justified in resorting to external data for the audit given the fact that the Department's auditor preliminarily found nothing

---

**3.** Notably, the absence of a cognizable 4th Amendment claim due to lack of standing also forecloses petitioners' due process claims inasmuch as no protected right of petitioners is implicated (*see, United States v Payner*, *supra*, at 737 n 9).

amiss with petitioners' books. That initial finding was made before the auditor was apprized that petitioners' sales data did not correspond with the purchase data provided to the Department. The irregularities justified the Department's concern that petitioners' records, while appearing complete, were in fact unreliable. Under the circumstances, the use of the outside data was permissible (*see, Matter of Cook v Tax Appeals Tribunal*, 222 AD2d 962, 964; *see*, Tax Law § 1138 [a] [1]). Notably, "[t]he burden is upon the taxpayer to demonstrate, by clear and convincing evidence, that the audit method employed or the tax assessed was unreasonable" (*Matter of Del's Mini Deli v Commissioner of Taxation & Fin.*, 205 AD2d 989, 991; *see, Matter of Mobley v Tax Appeals Tribunal*, 177 AD2d 797, 799, *appeal dismissed* 79 NY2d 978). Although Cooper advances several contentions challenging the audit method employed, the results achieved and the credits given for inventory and pilferage, we do not find that petitioners met their required burden.

Cooper also maintains that the three-year Statute of Limitations (*see*, Tax Law § 1147 [b]) renders unreviewable the fiscal quarters ending November 30, 1990 and February 26, 1991. We note that the Statute of Limitations does not begin to run until a tax return has been filed (*see*, Tax Law § 1147 [b]) and, as found by the Tribunal, the record contains no evidence as to the date or dates on which Roebling filed its sales tax returns for those time periods (*see*, Tax Law § 1136 [b]). Additionally, in reference to the contention that the tax penalty was incorrectly assessed, we note that the 30% aggregate amount referenced in Tax Law § 1145 (a) (1) (i) relates to the maximum penalty that may be charged in a given tax period and not over an entire audit period.

All remaining issues raised by petitioners and not specifically addressed herein have been examined and found to be lacking in merit.

Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.