■ In the Matter of RUPERT MOORE, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [771 NYS2d 923]—

Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

In November 1995, the Department of Taxation and Finance

issued a notice of determination to petitioner, the owner and operator of a liquor store, seeking payment of past due sales and use taxes, interest and penalties totaling over $71,000. That notice stated that if petitioner failed to request a conciliation conference or petition for a tax appeals hearing within 90 days, the tax would "become finally and irrevocably fixed." Petitioner requested a courtesy conference regarding the determination in December 1997, but did not request a conciliation conference until January 2000, which request was denied as untimely. Petitioner filed a petition for redetermination of a deficiency in May 2000 with the Division of Tax Appeals, which was also dismissed as untimely. Respondent Tax Appeals Tribunal affirmed the dismissal. Petitioner then commenced this CPLR article 78 proceeding to challenge the Tribunal's holding.

We confirm. The deadline to request a conciliation conference or petition for redetermination of a notice of determination assessing sales and use taxes is 90 days from the mailing of the notice of determination (*see* Tax Law § 1138 [a] [1]). While petitioner argues that he did not receive the notice of determination, the mailing of the notice creates a rebuttable presumption that the notice was received (*see* Tax Law § 1147 [a] [1]; *Matter of Roebling Liqs. v Commissioner of Taxation & Fin.*, 284 AD2d 669, 671 [2001], *appeal dismissed* 97 NY2d 637 [2001], *cert denied* 537 US 816 [2002]; *Matter of Mareno v State of New York Tax Commn.*, 144 AD2d 114, 115 [1988]). Petitioner's denial of receipt here, unsupported by evidence, did not sufficiently rebut that presumption (*see Matter of Cavalieri v Commissioner of State of N.Y. Dept. of Taxation & Fin.*, 250 AD2d 973, 975 [1998]). In any event, petitioner knew of the assessment by December 1997, when he requested a courtesy conference regarding it. Inasmuch as he failed to request a conciliation conference or petition for redetermination until 2000, we cannot say that the Tribunal erred in dismissing the petition.

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.