*823 OPINION OF THE COURT
Robert G. Bogle, J.
Decision After Hearing
In a case which presents a unique fact pattern, this court will consider issues of standing and issues of third-party standing in a case of first impression. In accordance with section 710.60 of the Criminal Procedure Law, the following shall constitute the findings of fact, conclusions of law and reasons for the determination.
The defendant, Roseanne Henry, is charged with criminal possession of a controlled substance in the seventh degree under Penal Law § 220.03, a class A misdemeanor. The incident arises from events which occurred on the evening of August 30, 2007. As per a decision of this court dated December 20, 2007, a Huntley, Mapp and Dunaway hearing was held on February 1, 2008. The People presented one witness, Richard DePalma, a Long Beach city police officer. The court finds credence in his testimony. No witnesses were called by the defendant.
Findings of Fact
On the evening of August 30, 2007, Long Beach Police Officer Richard DePalma was on patrol in the vicinity of East Beech Street, City of Long Beach, County of Nassau, State of New York. Officer DePalma was part of the Street Crimes Unit at the time. While on his tour of duty, Officer DePalma observed Richard Scuderi while he was driving a van. Police Officer De-Palma recognized Mr. Scuderi from prior occasions. At that time, Officer DePalma remembered from an earlier review that day that Mr. Scuderi was wanted on five Long Beach arrest warrants. At that point, Mr. Scuderi was stopped and after the warrants were confirmed, was placed under arrest. For reasons never adequately explained at the hearing, Mr. Scuderi was wearing only his underwear, including his boxer shorts.
The officers had stopped and arrested the defendant in front of his home, at which point Roseanne Henry, the defendant, exited the house to see what was occurring. Ms. Henry asked the officer and Officer DePalma explained to her that Mr. Scuderi was being placed under arrest for outstanding warrants. She offered to get him some clothing and reentered the premises. At this point, two other police officers were also on the scene to assist in the arrest. Mr. Scuderi was placed in the back seat in one of the officers’ marked police cars with the door open. At this *824 point, Ms. Henry exited the house, walked over to the police car, squeezed through some of the officers who were standing there and threw the sweat pants onto Mr. Scuderi’s lap. Officer De-Palma grabbed the pants immediately off Mr. Scuderi’s lap and began a search. The officer found 10 individual envelopes of heroin. They were small wax paper envelopes with pink writing that indicated “Everready” and he believed had a picture of a muscleman on them. They were rectangular in shape about the size of half of a matchbox but not as thick. Based upon the officer’s experience in narcotics, he determined they were envelopes of heroin. Immediately thereafter, Roseanne Henry was placed under arrest.
At the police station house at Long Beach headquarters, the defendant, Ms. Henry, was placed into processing room number two. She inquired of Officer DePalma if Mr. Scuderi was going to get charged with the heroin. Officer DePalma believed he responded, “maybe” and at that point, the defendant made a statement, to wit: “He had nothing to do with it. He didn’t know it was in the pants.” The officer testified that at that point, the defendant had not been questioned by him nor had the defendant been read her Miranda warnings and rights.
Conclusions of Law
At the conclusion of the hearing, both parties submitted memoranda of law. Defense counsel has argued that there was no probable cause for the arrest of the defendant and the statements made by the defendant at the station house were improperly solicited by the law enforcement officials. The District Attorney argues that the defendant lacks standing to challenge the search and seizure and in any event has abandoned her interest in the property. The People also argue that the search was conducted pursuant to a valid arrest and that the statements were made as a result of no improper police procedures.
To establish standing, the defendant is required to demonstrate a legitimate expectation of privacy on an area subject to search before he or she may move to suppress any evidence seized. The Court of Appeals has held there are two separate and distinct components of an expectation of privacy: subjective and objective. (.People v Ramirez-Portoreal, 88 NY2d 99 [1996].) A defendant is obligated to establish both components in order to demonstrate standing. Under the subjective component, a court must determine if a defendant exhibited an expectation of *825 privacy by taking steps to preserve property and private materials. Under the objective component, a court must determine whether, regardless of a defendant’s expectation, society would recognize the expectation to be reasonable. Both grounds must be proved satisfactorily in order for the court to grant the defendant standing. (People v Hammon, 47 AD3d 644 [2d Dept 2008].)
In the case at bar, the defendant inquired of the officers if there was a need for additional clothing for Mr. Scuderi. The officer said yes and the defendant voluntarily reentered the house and then came back outside, walked past the officers and tossed the pants on Mr. Scuderi’s lap. The defendant did this in a voluntary manner and not in a response for any other reason than to provide Mr. Scuderi with a pair of pants. The pants were a voluntary surrender to the police and as such, there are neither objective nor subjective grounds in which to provide the defendant with any level of standing to challenge the subsequent search of the sweat pants. (People v Amuso, 44 AD3d 781 [2d Dept 2007].)
As a matter of law, if a defendant cannot establish standing, a court is prohibited from considering the issue of abandonment. (Matter of Devon H., 225 AD2d 135 [1st Dept 1996].) However, the issue of abandonment should be discussed here as it does relate directly to the issue of standing. The court notes that the placement of the sweat pants in Mr. Scuderi’s lap constitutes abandonment that is voluntary. (People v Gunther, 111 AD2d 932 [2d Dept 1985].) It is clear that the defendant purposely divested herself of any possession of the item in the very presence of law enforcement by handing Mr. Scuderi’s pants to him and tossing them on his lap. (People v Oliver, 39 AD3d 880 [2d Dept 2007].)
The court notes that the defendant does not have standing to challenge an alleged unconstitutional search and seizure which was suffered by a third party, in this case, Mr. Scuderi. (Matter of Roebling Liqs. v Commissioner of Taxation & Fin., 284 AD2d 669 [3d Dept 2001].) In any event, it is clear under the circumstances that Mr. Scuderi was placed in custody and would continue to be placed in police custody. Therefore, anything in his possession would most certainly be searched and, as such, abandonment under the circumstance was clearly the appropriate determination. (People v Dennis, 223 AD2d 814 [3d Dept 1996].)
While this court has determined that the defendant did not possess any standing and has abandoned the property in ques *826 tion, we will still address the issue and the propriety of the search, assuming, arguendo, we would have reached this determination. The People have indicated through the testimony of the officer that the search was incident to a proper and lawful arrest. A search incident to a lawful arrest is justified by two exigent circumstances: the safety of the arresting officer and the preservation of evidence within the reach of the suspect. (Chimel v California, 395 US 752 [1969]; People v Smith, 59 NY2d 454 [1983].) For both of these standards, it is clear that the police were justified in the search of Mr. Scuderi’s sweat pants. (People v Williams, 273 AD2d 79 [1st Dept 2000].) In addition, such pants placed on Mr. Scuderi’s lap could be construed as a grabbable area where the suspect may gain possession of the contents and possibly destroy evidence of the crime. (People v Gokey, 60 NY2d 309 [1983]; People v Hernandez, 40 AD3d 777 [2d Dept 2007].)
The statement of the defendant at the station house was made voluntarily and spontaneously and was not the result of police interrogation or its equivalent. (People v Green, 258 AD2d 531 [2d Dept 1999].) The court notes that probable cause existed for the arrest of the defendant. (People v McNatt, 65 NY2d 1046 [1985].)
Accordingly, the motion of the defendant, by counsel, to suppress the evidence is denied in its entirety.